IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ROBERT A. SCHREIBER,
individually and on behalf of all others
similarly situated,

    Plaintiff,

vs.

ALLY FINANCIAL INC.,
a Delaware corporation, d/b/a ALLY BANK,
f/k/a GMAC, INC..

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Robert A. Schreiber, individually and on behalf of all others similarly situated, through undersigned counsel, files this Class Action Complaint against Defendant, Ally Financial Inc., a Delaware corporation, and alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations.

### INTRODUCTION

1.    This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff individually and others similarly situated who leased a vehicle through Ally, later purchased the vehicle pursuant to the lease contract, and were charged fees in connection with the vehicle purchase that were never disclosed by Ally in the lease contract.

2.    According to Ally's financial reports, Ally originates over $10 billion in automobile leases in the United States per year, with hundreds of thousands of lessees.  All of Ally's leases are executed pursuant to a standardized form contract that Ally calls the

1

"SmartLease" agreement. The SmartLease agreement provides that the lessee has the option of purchasing the vehicle at the end of the lease term for a set price, plus official fees and taxes, which the agreement defines as governmental fees, such as license, title, registration, testing and inspection fees. At the end of the lease term, however, Ally refuses to sell the vehicle to its lessees for the set price listed on the SmartLease agreement. Instead, its lessees are forced to purchase the vehicle through a dealer for a higher price, which is inflated due to the inclusion of additional fees that were never disclosed in the SmartLease agreement.

3. As a result, Plaintiff, and each Class Member, has been damaged in the amount of the undisclosed fees that are added to the purchase option price listed in the SmartLease agreement. In Plaintiff's case, Plaintiff was charged a previously undisclosed pre-delivery service fee of $799.99 and a documentation fee of $100.

4. On behalf of himself and the proposed class, Plaintiff asserts two claims: (a) violation of the federal statutory Consumer Leasing Act ("CLA"); and (b) breach of contract. Plaintiff, on behalf of himself and the proposed class, seeks statutory damages, actual monetary damages, and injunctive relief.

**PARTIES**

5. At all times material to the allegations set forth herein, Plaintiff, Robert A. Schreiber, was and is an individual over the age of 21 residing in Miami-Dade County, Florida, within the Southern District of Florida.

6. At all times material to the allegations set forth herein, Ally (formerly GMAC, Inc.) was and is a Delaware financial services corporation. Defendant directed its business activities, including the financing of auto leases, to residents of the State of Florida, including

within the Southern District of Florida, from which it has derived pecuniary gain. Defendant's principal place of business is located at 200 Renaissance Center, Detroit, Michigan, 48265.

## JURISDICTION AND VENUE

7. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because this action is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and certain members of the Class are citizens of a State different from Ally. This Court also has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's Consumer Leasing Act claim arises under the laws of the United States, and this Court has supplemental jurisdiction over Plaintiff's breach of contract claim.

9. Venue is proper pursuant to Chapter 28 U.S.C. § 1391(a) because a substantial part of the acts and omissions giving rise to the claims occurred, and the property that is the subject of the action is situated, in this District.

10. This Court may exercise personal jurisdiction over Ally pursuant to § 48.193, Fla. Stat., because this action arises out of Ally, personally or through an agent, operating, conducting, engaging in, or carrying out a business or business venture in this State. Further, this Court may exercise personal jurisdiction over Ally because Ally, personally or through an agent, breached a contract within this State. And this Court may further exercise personal jurisdiction over Ally because Ally, personally or through an agent, engaged in substantial and not isolated activity in the State.

11.

3

## SUBSTANTIVE ALLEGATIONS

12. Ally was the fourth largest vehicle lessor in the United States during 2013, originating over $10 billion in automobile leases in 2013 alone.

13. Ally has distributed blank copies of its SmartLease agreement to over 16,000 car dealerships throughout the country. These dealerships independently enter into lease agreements for new vehicles with consumers, using Ally's SmartLease agreement standardized form. Ally then purchases these leases and the vehicles from the dealerships, who check a box on the SmartLease agreement indicating that they are assigning the lease and selling the vehicle to Ally. Ally generates revenue from lease payments and fees paid by consumers, and also recognizes a gain on the resale of the vehicle at the end of the lease.

14. Wesley G. Reid entered into a two-year SmartLease agreement with Miami Lakes CJ LLC on February 27, 2012, for a new 2012 Dodge Challenger. A copy of the agreement is attached to the Complaint as Exhibit A. At the top of the agreement, Miami Lakes CJ LLC checked a box indicating that it "will assign this lease and sell the vehicle to Ally Bank."

15. On November 15, 2012, Mr. Reid assigned the SmartLease agreement to Plaintiff, and Plaintiff accepted the assignment, by executing the Transfer of Lease Obligation document attached to the Complaint as Exhibit B.

16. On November 19, 2012, Ally approved the assignment from Mr. Reid to Plaintiff by signing the Transfer of Lease Obligation document and sending Plaintiff a letter stating that the "lease transfer is now complete."

17. As of November 19, 2012, therefore, Plaintiff and Ally were the two parties to the SmartLease agreement.

18. Section 9 of the SmartLease agreement is titled "**Purchase Option at End of Lease Term**." It provides that "You have an option to buy the vehicle at the end of the lease term for $25,889.70, plus official fees and taxes."

19. Section 13 defines "**OFFICIAL FEES AND TAXES**." It provides that "You will pay all government license, title, registration, testing, and inspection fees for the vehicle. You will pay all taxes on the lease or the vehicle that the government levies on you, the vehicle, or us (except our net income taxes). We may bill you separately for official fees and taxes."

20. Paragraphs 31 and 33 also addresses the purchase option, providing:

> **OPTION TO BUY THE VEHICLE.** You have an option to buy the vehicle only at scheduled lease end. See the front for the price. You must also pay any related official fees and taxes.
>
> and
>
> **WHAT YOU OWE AT SCHEDULED END.** (a) IF YOU BUY THE VEHICLE: If you have paid us and kept your agreements, you will owe us nothing more.

21. The contract also includes an integration clause, providing that "**THIS IS THE ENTIRE AGREEMENT**. This lease, including the front and back of this form, contains the entire agreement between you and us relating to the lease of the vehicle. Any change to the terms of this lease must be in writing and signed by you and us. No oral changes are binding."

22. In February 2014, Plaintiff communicated to Ally in writing and via telephone that he wished to exercise the purchase option on the lease, as the lease was scheduled to terminate on February 26, 2014. Ally responded that it would not sell the vehicle to Plaintiff for $25,889.70, plus official fees and taxes, notwithstanding its obligation to do so under Section 9 of the SmartLease Agreement. Ally directed Plaintiff to purchase the vehicle through Miami Lakes CJ LLC, even though Plaintiff informed Ally that Miami Lakes CJ LLC refused to sell the

vehicle to Plaintiff for $25,889.70 plus official fees and taxes, and instead demanded that Plaintiff pay an additional $1,288.99 for a dealer fee, document preparation, and other charges that were never disclosed in the SmartLease Agreement.

23. Unable to purchase the vehicle from Ally, Plaintiff returned to Miami Lakes CJ LLC to purchase the vehicle. On March 23, 2014, Plaintiff purchased the vehicle from Miami Lakes CJ LLC. Miami Lakes CJ LLC charged Plaintiff $25,389.70 as the cash price for the vehicle, a $799.99 pre-delivery service fee, and a $100 documentation fee, in addition to various other governmental fees and taxes. Thus, to purchase the vehicle, Plaintiff was forced to pay $26,289.69 plus official taxes and fees, which was $399.99 more than the purchase option price listed in Section 9 of the SmartLease agreement. The pre-delivery service fee and documentation fees were never disclosed on the SmartLease agreement.

24. Ally has engaged in the same, uniform unlawful conduct with respect to the entire Class. Ally is aware that dealers insist on charging consumers additional fees when selling leased vehicles to them at the end of leases, because it is a common industry practice known to industry professionals and participants, and consumers, like Plaintiff, have informed it of this practice. When Ally drafted the SmartLease agreement, which is Ally's copyrighted product, it knew that consumers would not be able to purchase its vehicles at the end of the lease for the purchase option price stated in the SmartLease agreement.

**CLASS REPRESENTATION ALLEGATIONS**

25. Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class Plaintiff proposes to represent is defined as follows:

> All persons who, since June 4, 2008, leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. or Ally Bank,

6

later purchased the vehicle at the end of the lease term pursuant to the lease contract, and were required to pay fees that were not disclosed in the SmartLease Agreement when purchasing the vehicle (the "Class").

Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families. Also excluded from the Class are the Court, the spouse or partner of the Court, if applicable, all persons within the third degree of relationship to the Court and its spouse or partner, and the spouses of all such persons.

26.     The prerequisites to class representation pursuant to Rule 23(a) are present in this action as follows:

A.     **Numerosity**. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are tens of thousands of Class members in the State of Florida and throughout the United States.

B.     **Commonality**: There are questions of fact and law common to the claims of Plaintiff and the members of the Class that predominate over any questions affecting any individual members including, among others, the following questions:

1.     Whether Ally failed to disclose the additional fees that are added to the purchase price of its leased vehicles at the end of its leases;

2.     Whether Ally breached its lease contracts by refusing to sell the vehicles to consumers and instead forcing them to purchase the vehicles from dealers, knowing that the dealers would impose additional fees not disclosed in the lease agreements; and

3.     Whether Ally's failure to disclose, in the lease documents, the additional dealer fees constitutes a violation of the federal Consumer Leasing Act.

7

      C.    **Typicality**.  Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff alleges a common course of conduct by Defendant towards members of the Class.  Plaintiff, like other members of the respective Class, formed a lease contract with Defendant and then purchased the leased vehicle at the conclusion of the lease term while being charged a previously undisclosed "dealer fee" that was not an official fee or a tax.  Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the respective Class.

      D.    **Adequacy**:  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class.  Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

27.    Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact predominate over questions of law and fact affecting individual members of the Class.  Indeed, the predominant issues in this action are whether Defendant has, in a uniform manner, failed to disclose to members of the Class the additional dealer fees that are added to the purchase price of vehicles at the end of its leases, and whether this conduct violates the Consumer Leasing Act and constitutes a breach of its lease agreements.

28.    The expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy.  Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory

judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by this Court. Certification under Rule 23 of the Federal Rules of Civil Procedure is, therefore, appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action, and Plaintiff envisions no unusual difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION –
VIOLATION OF FEDERAL CONSUMER LEASING ACT (15 U.S.C. § 1667, *et seq.*)**

29. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 27 as if fully set forth herein.

30. Ally is a lessor under 15 U.S.C. § 1667(3), because it is regularly engaged in leasing, offering to lease, and arranging to lease under consumer leases.

31. Plaintiff's SmartLease agreement with Ally is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

32. Ally violated 15 U.S.C. § 1667a and 12 C.F.R. § 213.4 by, among other things:

   a. failing to disclose that Plaintiff would be required to purchase the vehicle from the original dealer, not Defendant; and

   b. failing to disclose that Plaintiff would be required to pay additional fees to the dealer, including the pre-delivery service fee and documentation fee, upon purchasing the vehicle.

33. These omissions were material to Plaintiff's decision to enter into the lease, and Plaintiff detrimentally relied on these material omissions. If the full extent of the additional fees that Plaintiff would be forced to pay to purchase the vehicle had been properly disclosed before

he entered into the lease, he would have either negotiated a better lease or elected not to enter into the lease agreement.

34. Ally's violation of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4 was the actual and proximate cause of damages suffered by Plaintiff and the Class. Plaintiff, in particular, suffered $399.99 in actual damages.

35. Pursuant to 15 U.S.C. § 1640, Plaintiff and the Class are entitled to recover their actual damages and statutory damages from Ally.

## SECOND CAUSE OF ACTION –
## BREACH OF CONTRACT

36. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 27 as if fully set forth herein.

37. Plaintiff formed a valid, binding contract with Ally when Plaintiff accepted the assignment of the SmartLease agreement from Mr. Reid and Ally approved the assignment.

38. Plaintiff has performed all, or substantially all, of the obligations imposed on him under the contract.

39. Ally materially breached the contract by refusing to sell the vehicle at the price stated in the contract, and requiring Plaintiff to purchase the vehicle from a dealer for a price higher than the price stated in the contract.

40. Ally's breach of the contract was the actual and proximate cause of damages suffered by Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendant as follows:

A. An order certifying the Class under the appropriate provisions of Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his legal counsel to represent the Class;

B. Damages as provided by law;

C. Pre-judgment and post-judgment interest to the Class, as allowed by law;

D. Reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class;

E. Injunctive relief requiring Defendant to honor its obligation under its lease agreements to sell the leased vehicles for the price identified on the lease agreements; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all members of the proposed Class, hereby demands a trial by jury on all issues so triable.

DATED this 4th day of June, 2014            Respectfully Submitted,

/s/ Peter Prieto
PETER PRIETO
pprieto@podhurst.com
Florida Bar No. 501492
John Gravante
jgravante@podhurst.com
Florida Bar No. 617113
Matthew Weinshall
mweinshall@podhurst.com
Florida Bar No. 84783
**PODHURST ORSECK, P.A.**
25 West Flagler Street, Suite 800
Miami, Florida 33130
Phone: (305) 358-2800
Fax: (305) 358-2382

J. Wiley Hicks
wiley@wileyhicks.com
Florida Bar No. 516155
**THE LAW OFFICE OF WILEY HICKS**
5730 S.W. 74th Street
Suite 400
Miami, FL 33143
Phone: (305) 661-6688
Fax: (305) 663-0219