# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 15, 2016

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 15-11869-DD
Case Style: Robert Schreiber v. ALLY^A
District Court Docket No: 1:14-cv-22069-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

FILED BY ___HH___
Deputy Clerk
Jan 15, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 15-11869
_____

District Court Docket No.
1:14-cv-22069-DPG

ROBERT A. SCHREIBER,
individually and on behalf of
all others similarly situated,

                          Plaintiff - Appellant,

versus

ALLY FINANCIAL INC.,
a Delaware corporation
d.b.a. Ally Bank ,
f.k.a. GMAC, Inc.,

                          Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: December 17, 2015
For the Court: AMY C. NERENBERG, Acting Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 01/15/2016**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11869
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22069-DPG

ROBERT A. SCHREIBER,
individually and on behalf of
all others similarly situated,

                              Plaintiff - Appellant,

versus

ALLY FINANCIAL INC.,
a Delaware corporation
d.b.a. Ally Bank,
f.k.a. GMAC, Inc.,

                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 17, 2015)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal is controlled by state law.  Robert Schreiber appeals the district court's order compelling arbitration of Schreiber's claims against Ally Financial, Inc. ("Ally") for violation of the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 et. seq., and for breach of contract.  Reversible error has been shown; we vacate the district court's order and remand for further proceedings.

Schreiber and Ally are parties to a vehicle lease agreement ("Lease Agreement").[1]  The Lease Agreement includes a provision, titled "Purchase Option at End of Lease Term," giving Schreiber the option to buy the leased car at the end of the lease term for "$25,899.70, plus official fees and taxes."

Near the end of the lease term, Schreiber sought to exercise the Lease Agreement's purchase option; but Ally refused to sell Schreiber the car.  Instead, Ally directed Schreiber to buy the car through Miami Lakes CJ, LLC ("Miami Lakes").  Ally was aware that Miami Lakes would charge Schreiber additional fees that had not been disclosed in the Lease Agreement.

---

[1] The Lease Agreement was originally entered into between Wesley Reid and Miami Lakes CJ, LLC.  Under the Lease Agreement, Miami Lakes agreed to "assign this lease and sell the vehicle to Ally Bank."  Reid also later assigned his rights and interest in the Lease Agreement to Schreiber.  Thus, for purposes of this appeal, Schreiber and Ally are the only parties to the Lease Agreement.

2

Unable to buy the car from Ally, Schreiber entered into a purchase agreement with Miami Lakes, dated March 2014 ("Buyer's Order"). The total purchase price for the car -- which included undisclosed pre-delivery service and documentation fees -- was about $400 more than the agreed-upon purchase price in the Lease Agreement's purchase option. The Buyer's Order included an Arbitration Clause, requiring arbitration of all claims arising out of the Buyer's Order.

Schreiber filed this putative class action against Ally. The district court granted Ally's motion to compel arbitration of Schreiber's claims pursuant to the Arbitration Clause. The district court concluded that, although Ally was no party to the Buyer's Order, Ally was entitled to enforce the Arbitration Clause on grounds of equitable estoppel.

"We review de novo a district court order granting a motion to compel arbitration." In re Checking Account Overdraft Litig., 754 F.3d 1290, 1293 (11th Cir. 2014). We look to state law to determine "whether a non-party can enforce an arbitration clause against a party." Lawson v. Life of the South Ins. Co., 648 F.3d 1166, 1170-71 (11th Cir. 2011). The parties agree that Florida law governs this dispute.

Generally speaking, under Florida law, "a non-signatory to a contract containing an arbitration clause cannot compel a signatory to submit to

3

arbitration." Allscripts Healthcare Sols., Inc. v. Pain Clinic of Nw. Fla., 158 So. 3d 644, 646 (Fla. Dist. Ct. App. 2014). Florida courts have recognized exceptions to this general rule, including the doctrine of equitable estoppel. Id. Under equitable estoppel, a non-signatory defendant may enforce an arbitration clause against a signatory plaintiff in two circumstances: (1) when the signatory to a contract containing an arbitration clause must rely on the terms of the contract to assert his claims against the non-signatory; and (2) when the signatory alleges "interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." Id.; Bailey v. ERG Enter., LP, 705 F.3d 1311, 1320 (11th Cir. 2013). Whether equitable estoppel applies is a fact-specific inquiry. Bailey, 705 F.3d at 1322.

For purposes of the first exception, "[a] party relies on the terms of a contract when the party needs the underlying contract to make out his or her claim against the nonsignatory." Id. at 1321. "The signatory must attempt to hold the nonsignatory to the terms of the contract." Id. A mere but-for relationship between plaintiff's claims and the contract is insufficient to warrant equitable estoppel. Id. at 1321-22.

"The idea behind the first exception is that a signatory plaintiff should not be allowed to sue to essentially enforce its rights under a contract and, at the same time, evade an arbitration agreement in the contract, simply by naming as

4

defendants parties who were not signatories to the contract." Allscripts Healthcare Sols., Inc., 158 So. 3d at 646. "The plaintiff's actual dependence on the underlying contract in making out the claim against the non-signatory defendant is therefore always the sine qua non of an appropriate situation for applying equitable estoppel." Id.

Under the facts of this case, Schreiber's claims do not "rely on" the terms of the Buyer's Order. Schreiber is not seeking to enforce his rights under the Buyer's Order. Schreiber seeks, instead, to hold Ally to the terms of purchase option in the Lease Agreement.

We reject Ally's contention that Schreiber's claims "rely on" the Buyer's Order merely because the Buyer's Order contains the final purchase price of the car. Ally flat refused to sell the car to Schreiber. Although the final purchase price from Miami Lakes is pertinent to determining the amount of Schreiber's actual damages, it is no necessary element of Schreiber's CLA or breach-of-contract claims. See 15 U.S.C. § 1640 (providing for statutory damages for violations of the CLA); AMC/Jeep of Vero Beach v. Funston, 403 So. 2d 602, 605 (Fla. Dist. Ct. App. 1981) (under Florida law, "a cause of action exists for every breach of contract" such that a plaintiff who has suffered no damage is still entitled to nominal damages). And the final amount that Schreiber paid Miami Lakes for the car may be proved without reference to the Buyer's Order.

Moreover, Schreiber's claims, as alleged,[2] accrued when Ally refused to sell the car to Schreiber. That Ally's alleged misconduct occurred <u>before</u> Schreiber entered into the Buyer's Order with Miami Lakes supports a conclusion that Schreiber's claims rely on no terms of the Buyer's Order. <u>See Bailey</u>, 705 F.3d at 1322-23 ("It would be rather puzzling to say that [Buyers'] fraud claims rely on the lot purchase contracts when the alleged fraud occurred before any of the Buyers purchased their lots.").

Ally has also failed to demonstrate that equitable estoppel is warranted under the second exception. We have said that the second exception is not implicated when a plaintiff alleges no interdependent and concerted misconduct between a signatory and a non-signatory to the contract and when the plaintiff names no signatory as a defendant. <u>See Bailey</u>, 705 F.3d at 1321.

In his complaint, Schreiber contends only that "Ally directed Plaintiff to purchase the vehicle through Miami Lakes." Schreiber alleges no conspiracy between Ally and Miami Lakes. Nor does Schreiber allege that Miami Lakes itself engaged in misconduct. Thus, Schreiber has alleged no interdependent and concerted misconduct between Ally and Miami Lakes. <u>Compare, e.g., MS Dealer</u>

---

[2] The only issue before us on appeal is whether Schreiber may be compelled to arbitrate his claims against Ally. For purposes of our analysis, we consider Schreiber's claims as alleged in his complaint, recognizing that "[t]he plaintiff is the master of the complaint" and "selects the claims that will be alleged in the complaint." <u>See United States v. Jones</u>, 125 F.3d 1418, 1428 (11th Cir. 1997). We express no opinion about -- and the district court made no ruling on -- whether Schreiber's complaint states a claim for relief or about the underlying merits of Schreiber's claims. Those issues are issues that can be decided on remand.

Serv. Corp. v. Franklin, 177 F.3d 942, 948 (11th Cir. 1999) (plaintiff alleged "substantially interdependent and concerted misconduct" when she alleged that a non-signatory conspired with a signatory to engage in a fraudulent scheme), with Rolls-Royce PLC v. Royal Caribbean Cruises, Ltd., 960 So. 2d 768, 771 (Fla. Dist. Ct. App. 2007) (plaintiff alleged no "concerted action" where the allegations in the complaint pointed only to acts of the non-signatory).  As a result -- and because Miami Lakes is no named defendant -- Ally has failed to satisfy the second exception warranting equitable estoppel.

     Under Florida law, Ally is precluded from compelling Schreiber to submit to arbitration.  See Allscripts Healthcare Sols., Inc., 158 So. 3d at 646.  We vacate the district court's order compelling arbitration and remand the case for further proceedings.

        VACATED AND REMANDED.