# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| ROBERT A. SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>ALLY FINANCIAL INC., *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:14-cv-22069<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release is entered into by Plaintiff Robert A. Schreiber, individually and on behalf of all Settlement Class Members (as defined below), and Defendant Ally Financial Inc. (collectively, the "Parties"), subject to the approval of the Court.

## DEFINITIONS

2.     As used in this Settlement Agreement, the terms set forth below shall have the following meanings:

        a.      "Action" means the above-captioned lawsuit.

        b.      "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release.

        c.      "CAFA Notice" means the notice to be sent by Ally Financial Inc. to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) days after the Motion for Preliminary Approval is filed with the Court.

        d.      "Ally" or "Defendant" means Ally Financial Inc.

e.      "Claim Period" means the time from the Class Notice Date until ninety (90) days after the Effective Date of the Settlement.

f.      "Claims Administrator" means the Court-appointed third-party agent or administrator agreed to by the Parties and appointed by the Court to oversee and administer the Claims Process described in Paragraphs 12-25, and to implement the notice plan described in Paragraphs 30-39.   The Parties agree that Heffler Claims Group shall serve as Claims Administrator, subject to approval by the Court.

g.      "Class Counsel" means Podhurst Orseck, P.A. and Baron & Budd, P.C.

h.       "Class Data" means the data and information produced by Ally in the Action relating to Class Members and their auto finance accounts with Ally or its affiliates.

i.      "Class Notice" means the Notice of Class Action Settlement as approved by the Court in its Preliminary Approval Order to be sent to Settlement Class Members by mail. The Parties' proposed Class Notice is attached hereto as Exhibit A.

j.      "Class Notice Date" means the date that the Class Notices are mailed to Settlement Class Members (which shall be no later than 30 days after the Court's Preliminary Approval Order, unless otherwise ordered by the Court or agreed to by the Parties).

k.      "Class Period" shall mean the period from June 4, 2009 through the Preliminary Approval Date.

l.      "Complaint" means the operative Complaint filed in the Action.

m.      "Documentary or Dealer Fee" means any unofficial documentary, dealer, or similar fee not disclosed in the SmartLease Agreement that was charged and not refunded to a Settlement Class Member in connection with the purchase of a leased vehicle by the Settlement Class Member pursuant to the purchase option price set forth in the SmartLease Agreement.

2

n.      "Effective Date" means either: (a) the date of the Final Approval Order of this Agreement by the Court if no objections are timely filed; (b) the expiration date of the time for filing notice of any appeal from the Final Approval Order by the Court if any timely objections are filed but no appeal is filed; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of that Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Order if affirmed and, if the certiorari is granted, the date of final affirmance of the Order following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Order or the final dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

o.      "Fee Document" means a buyer's order, retail installment contract, or other documentation that shows a Settlement Class Member was charged a Documentary or Dealer Fee.

p.      "Final Approval Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Settlement Class and an opportunity for the Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement, at which time the Plaintiff will request the Court to finally approve the fairness, reasonableness and adequacy of the terms and conditions of this Settlement Agreement, to award Class Counsel attorneys' fees and expenses, to grant an incentive award to the Class Representative, and to enter a Final Approval Order.

q.      "Final Approval Motion" or "Motion for Final Approval" means Plaintiff's motion seeking final approval of this Settlement Agreement.

r.      "Final Approval Order" means the Court's Order granting final approval to the Settlement Agreement and certifying the Settlement Class.

3

s. "Final Judgment" means the Court's final judgment, issued after the Final Approval Order, dismissing Plaintiff's claims against Ally in the Action with prejudice and without costs and fees (except as provided for herein as to costs and fees).

t. "Opt-Out Deadline" means the date forty-five (45) days after the Class Notice Date.

u. "Parties" means Plaintiff and Ally.

v. "Plaintiff" means Robert A. Schreiber.

w. "Preliminary Approval Date" means the date of the Preliminary Approval Order.

x. "Preliminary Approval Motion" or "Motion for Preliminary Approval" means Plaintiff's motion seeking preliminary approval of this Settlement Agreement.

y. "Preliminary Approval Order" means the Court's Order preliminarily approving the Settlement Agreement, preliminarily certifying the Settlement Class, setting a date for the Final Approval Hearing, and providing for notice of the definitions of the Settlement Class and the terms of Settlement Agreement to be sent to the Settlement Class Members.

z. "Released Claims" means all claims asserted against Ally in the Action and any related claims which could be asserted against Ally arising from Documentary or Dealer Fees charged to Class Members in connection with a Class Member's exercise of the purchase option set forth in his or her SmartLease Agreement during the Class Period (including, but not limited to, claims for breach of contract or violations of the Consumer Lease Act or its implementing regulations), based upon the allegations set forth in the Complaint.

aa. "Released Parties" means Ally, and each and all of its respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all

4

of its respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives.  Released Parties does not mean any dealership that allegedly improperly charged a Documentary or Dealer Fee in connection with a lease-end purchase.

        bb.    "Settlement Class" and "Settlement Class Members" means all persons nationwide who leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. (or a predecessor in interest or affiliated company, including General Motors Acceptance Corporation, GMAC LLC, GMAC Inc., GMAC Automotive Bank, Ally Bank, Ally Bank Lease Trust or Ally Financial Lease Trust), and who subsequently purchased the leased vehicle between June 4, 2009 and the Preliminary Approval Date pursuant to the purchase option provision in the SmartLease Agreement and were required to pay a Documentary or Dealer Fee not disclosed in the SmartLease Agreement when purchasing the vehicle.

        cc.    "Settlement Website" shall mean the website described in Paragraph 36.

## **RECITALS**

    3.    Plaintiff filed the Action on June 4, 2014 on behalf of himself and other similarly situated customers of Ally.  Plaintiff's Complaint asserted claims against Ally for breach of contract and violation of the Consumer Leasing Act.  Among other things, Plaintiff alleged that Ally charged, or permitted dealers to charge, customers unlawful Documentary or Dealer Fees in connection with the lease-end purchase of a vehicle pursuant to the purchase option set forth in the SmartLease Agreement.

4.      The Parties and their counsel have participated in an extensive alternative dispute resolution ("ADR") process with the assistance of Judge Ellen Leesfield (Ret.), and continued in further discussions after mediation.

5.      In connection with discovery and the ADR process, Ally: (a) responded to numerous written discovery requests by Plaintiff and produced extensive written discovery to Plaintiff; and (b) produced both aggregate Class Data and individualized Class Data to Plaintiff concerning Ally's customers who purchased their vehicles at lease end pursuant to a purchase option provision in their leases (*i.e.*, the Settlement Class Members).  Ally also produced a large volume of documents related to Settlement Class Members' accounts, some of which included information related to Documentary or Dealer Fees charged by dealers in connection with some lease-end purchases that occurred during the Class Period.  In addition, Class Counsel conducted depositions of numerous Ally employees.

6.      Class Counsel and Ally independently reviewed and analyzed the documentation produced to estimate the average Documentary or Dealer Fee that was charged and the frequency with which such fees may have been charged.

7.      As a result of the ADR process, the analysis of the extensive discovery and Class Data produced by Ally, the deposition testimony of Ally employees, and subsequent negotiations between the Parties with respect to the terms and conditions of this Settlement Agreement, the Parties have agreed to settle the Action according to the terms of this Settlement Agreement.

8.      At all times, the Parties have negotiated vigorously with each other and at arm's length.  The Parties have investigated the facts relating to the claims alleged in the Action, and have made a thorough study of the legal principles applicable to the legal claims that have been asserted.  Based upon their investigation, Class Counsel's legal evaluation, and taking into

account the contested legal and factual issues involved, including the Parties' assessment of the uncertainties of litigation and the relative benefits conferred upon the Settlement Class Members pursuant to this Agreement, Plaintiff and Class Counsel have concluded that this Agreement with Ally on the terms set forth herein is fair, reasonable and adequate, and in the best interests of Plaintiff and the Settlement Class Members.

9.      Ally has asserted or would assert numerous defenses to the claims alleged in the Action, and expressly denies each of the claims and allegations asserted against it and any and all liability arising out of the conduct alleged in these Actions.  Ally asserts that it is not responsible for the conduct of independent dealerships and was not a party to the SmartLease Agreement at the time dealers may have charged Documentary or Dealer Fees because the dealers sell the leased vehicles pursuant to an assignment of the SmartLease Agreement from Ally to the dealer. Ally further denies that either the Plaintiff or the Settlement Class Members suffered any cognizable injury as a result of Ally's conduct.  By entering into this Agreement, Ally does not admit any wrongdoing, and this Agreement shall not constitute an admission of liability by Ally.

10.      In order to effectuate this Settlement, Ally stipulates to the certification of the Settlement Class pursuant to FED. R. CIV. P. 23(b)(3) as defined above in Paragraphs 2(k) and 2(bb).  By so stipulating, Ally shall not be precluded from challenging class certification in any other action, or in further proceedings in this Action if this Settlement is not finally approved.  If the Settlement is not finally approved by the Court, the certification of the Settlement Class will be void.  No agreements made by or entered into by Ally in connection with this Settlement may be used by Plaintiff, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial or regulatory proceeding.

11.     NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned Parties, that this Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

## MONETARY RELIEF TO SETTLEMENT CLASS MEMBERS

12.     <u>Claims Process</u>.  All Settlement Class Members shall have the opportunity to submit a claim for monetary relief using a Court-approved Claim Form as detailed below.

13.     <u>Claim Form</u>.  The Parties' proposed Claim Form is attached hereto as Exhibit B.

14.     <u>Method for Returning Claim Forms</u>.  Settlement Class Members shall have the opportunity to submit and return completed Claim Forms to the Claims Administrator by mail, or online by uploading the completed Claim Form through the Settlement Website or completing a an online version of the Claim Form and uploading a Fee Document, if available.

15.     <u>Valid Claims.</u>  A Claim Form shall be valid and complete only if all material information requested on it has been provided; all required signatures are present on the document; and all documentation required by the instructions on the Claim Form accompanies the Claim Form.  To submit a valid Claim, Settlement Class Member must either (a) submit with the Claim Form a Fee Document; or (b) affirm that the Settlement Class Member believes he or she was charged a Documentary or Dealer Fee and request that the Claims Administrator make a reasonable search of records provided by Class Counsel and/or Ally for a Fee Document.  A Claim is valid only if the Settlement Class member submits or the Claims Administrator can locate a Fee Document that reflects a charge to the Settlement Class Member for a Documentary or Dealer Fee and the amount of the fee.  If a Class Member submits a Fee Document, the Fee Document must be dated no more than 30 days after the purchase of vehicle, unless the Class Member provides an explanation for why the Fee Document is dated more than 30 days after the

8

purchase of the vehicle and the Claims Administrator determines that the Fee Document is valid. If no Fee Document is submitted and the Claims Administrator cannot locate a Fee Document for the Settlement Class Member, the Settlement Class Member will not receive compensation.

16.  <u>Time Period for Submitting Claim Forms</u>.  Settlement Class Members may submit their Claim Form to the Claims Administrator at any time during the Claim Period.

17.  <u>Remedy to Address Defective Claims</u>.  If any submitted Claim Forms are deemed invalid by the Class Administrator for any reason (*e.g.*, because they are defective or materially incomplete), the Claims Administrator shall promptly advise Class Counsel on a weekly basis so that Class Counsel may follow-up with the Settlement Class Member who submitted such Claim Form in order to cure any deficiency.  Any defective Claim Form may be cured and shall be accepted by the Claims Administrator so long as the defect is resolved within 30 days of the end of the Claim Period.

18.  <u>Payment to Settlement Class Members</u>.  Each Settlement Class Member who timely returns a valid Claim Form ("Claimant") shall receive a payment ("Settlement Payment") equal to one hundred percent (100%) of the Documentary or Dealer Fee that was charged in connection with the lease-end transaction pursuant to a purchase option provision in his/her SmartLease Agreement.  However, in the event the total amount due to Claimants plus Class Counsel's attorney's fees and costs and the Class Representative's Incentive Award exceeds the value of the Settlement as set forth below in Paragraph 19, which is inclusive of Class Counsel's attorneys' fees and costs and the Class Representative's Incentive Award, payment to Claimants will be on a *pro rata* basis.

19.  <u>Value of Settlement to Settlement Class Members</u>.  During the Class Period, the total estimated amount of Documentary or Dealer Fees charged to Settlement Class Members,

based on an analysis of a statistically significant sample of available documentation related to the relevant lease-end purchase transactions, was approximately $19,717,222 (the "Settlement Value"). Pursuant to this Settlement Agreement, Ally will make the Settlement Value available to Settlement Class Members inclusive of Class Counsel's attorneys' fees and costs and the Class Representative's Incentive Award, but exclusive of all costs and fees of the Claims Administrator.

   20. <u>Method of Settlement Payments</u>. Claimants will be paid via a check.

   21. <u>Distribution of Settlement Payments</u>. Within five (5) business days after entry of the Final Approval Order, the Claims Administrator shall set up a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 with a federally-chartered national bank selected by Class Counsel, and the QSF shall be administered by the Claims Administrator pursuant to an escrow agreement between and among the Claims Administrator, Ally, and Class Counsel, which agreement, among other things, shall specify the manner in which the Claims Administrator shall direct and control the disbursement of funds in the Qualified Settlement Fund. Within thirty (30) days after the end of the Claim Period, Ally shall deposit into the QSF all funds necessary to make the Settlement Payments which are to be paid to Claimants. All check payments to Claimants shall be made by the Claims Administrator from this QSF as soon as reasonably practicable (and no later than thirty (30) days after deposit of the funds necessary to make the Settlement Payments into the QSF). For purposes of this mailing, the Claims Administrator shall use the addresses that were provided by the Claimants on their Claim Forms. The Parties agree that the Claims Administrator, with the assistance of an accountant selected by the Parties, shall be responsible for filing tax returns for the QSF and paying from the QSF or funds provided by Ally any Taxes owed with respect to the QSF. The Parties agree that the

account shall be treated as a QSF from the earliest date possible, and agree to any relation-back election required to treat the account as a QSF from the earliest date possible.

22.   <u>Re-Mailing of Returned Settlement Payments</u>.  Any Settlement Payments that are returned as non-deliverable with a forwarding address shall be re-mailed by the Claims Administrator to such forwarding address within ten (10) business days.  If any Settlement Payments are returned as non-deliverable without a forwarding address, the Claims Administrator shall conduct reasonable searches to locate valid address information for the intended recipients of such Settlement Payments using the methods provided in Paragraph 34 below, and shall, within ten (10) business days, re-mail the Settlement Payment to any new address that is identified.

23.   <u>Payment Period</u>.  Claimants who are issued Settlement Payments shall have 180 days from the date settlement checks are mailed to cash their settlement checks (the "Payment Period").  If payment to Class Members is made on a *pro rata* basis pursuant to Paragraph 18, any funds from checks that remain uncashed following the Payment Period shall be paid on a *pro rata* basis to Class Members who cashed their initial checks, up to an amount (inclusive of the amount of the initial check) equal to one hundred percent (100%) of the Documentary or Dealer Fee that was charged in connection with the lease-end transaction pursuant to a purchase option provision in his/her SmartLease Agreement.  If the Claims Administrator determines, after consulting with the Parties, that it is administratively infeasible to issue such a second check to Class Members, or if payments are not initially made on a *pro rata* basis, any funds from checks that remain uncashed following the Payment Period shall be paid on a *cy pres* basis to *cy pres* recipient jointly selected by the Parties and approved by the Court.  The payment to the *cy pres* recipient shall be made by the Claims Administrator, subject to Court approval.

24.     <u>Final Accounting</u>.  No later than thirty (30) days after all Settlement Payments are made to Claimants, and again at the conclusion of the Payment Period, the Claims Administrator shall provide a detailed final accounting to the Parties.  The Claims Administrator shall also provide declarations concerning the claims administration process and responses to requests for information to the Parties at any time.

25.     No person shall have any claim against the Parties, the Settlement Class Members, Class Counsel, or the Claims Administrator based on payments made in accordance with the procedures set forth in this Settlement Agreement.

<b><u>ADDITIONAL SETTLEMENT PAYMENTS</u></b>

26.     <u>Additional Payments</u>.  As set forth in Paragraphs 27 through 29 below, Ally shall pay Class Counsel's attorneys' fees and costs, the Class Representative's Incentive Award, and the fees and costs of the Claims Administrator.  Class Counsel's attorneys' fees and costs and the Class Representative's Incentive Award shall be paid inclusive of the payments made to Claimants pursuant to this Agreement, as described in more detail in Paragraph 18 of this Agreement.  The costs of the Claims Administrator shall be paid exclusive of and in addition to the payments made to Claimants.

27.     <u>Class Counsel's Attorneys' Fees and Costs</u>.  The Parties did not begin to negotiate attorneys' fees and expenses until after agreeing to the principal terms set forth in this Settlement Agreement.  Contemporaneous with or as part of the filing of the Final Approval Motion, Class Counsel shall apply for attorneys' fees and costs in accordance with FED. R. CIV. P. 23(h).  Subject to the Court's approval, within seven (7) business days after entry of the Final Approval Order or creation of the QSF (whichever occurs later), Ally shall pay into the QSF Class Counsel's attorneys' fees and expenses in the amount awarded by the Court, up to $2,950,000.

12

The funds shall be disbursed pursuant to the terms of the escrow agreement described in paragraph 21. These amounts will compensate Class Counsel for all work already performed and all of the work remaining to be performed in this Action (including but not limited to securing Court approval of the Settlement, overseeing the fair administration and implementation of the Settlement, responding to inquiries from Settlement Class Members, and obtaining dismissal of the Action), and all associated costs and expenses. Any order or proceedings relating to Class Counsel's application for attorneys' fees and expenses (including the modification or reversal of, or any appeal from, any order related to the application) will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date. Any attorneys' fees and expenses paid to Class Counsel pursuant to this Paragraph shall be returned to Ally within 14 days of termination of the Agreement under Paragraph 51.

28.   <u>Class Representative Incentive Award:</u> Class Counsel may petition the Court for an incentive award of up to $5,000 for Plaintiff. The purpose of such award shall be to compensate the Plaintiff for efforts undertaken by him on behalf of the Class. Any incentive award made by the Court shall be paid within 30 days of the Effective Date.

29.   <u>Claims Administrator's Fees and Costs</u>. Ally shall pay all fees and costs of the Claims Administrator on a periodic basis as they are invoiced, including, without limitation, all amounts billed in connection with the distribution of the Class Notice, Claim Form, processing of claims, distribution of Settlement Payments, the establishment of a telephone hotline and website, any fees, expenses, taxes, or costs associated with the QSF, and all other functions requested by the Parties or set forth in the Settlement Agreement. Prior to performing any work, the Claims Administrator shall provide the Parties with an estimate of its fees and costs related to the administration of this Settlement, and the amount paid to the Claims Administrator in

connection with this Settlement shall not exceed that amount absent a showing by the Claims Administrator of good cause.

## NOTICE OF SETTLEMENT

30.     Following the Court's preliminary approval of this Settlement Agreement, notice of the definition of the Settlement Class and the material terms of this Settlement shall be sent to the Settlement Class Members by direct mail as set forth below.  The Parties will request the Court to determine that the proposed procedures for notice set forth below and in Exhibit A to this Agreement constitute the best practicable notice to Settlement Class Members and are in compliance with their due process rights.

31.     The Claims Administrator shall be responsible for preparing, printing, and mailing the Class Notice to all Settlement Class Members as directed and approved by the Court in its Preliminary Approval Order.

32.     Within ten (10) business days after the Court's Preliminary Approval Order, Ally shall transmit to the Claims Administrator an updated database containing the last known contact information for all Settlement Class Members, including: names, addresses, and telephone numbers (to the extent reasonably available in database format) (the "Settlement Class List"). The Claims Administrator shall maintain the confidentiality of the Settlement Class List, and shall undertake best efforts to verify and update the Settlement Class List.  A copy of the Settlement Class List shall be provided to Class Counsel subject to the Protective Order entered by the Court in this Action.

33.     Within thirty (30) days after the Court's Preliminary Approval Order, or as soon as reasonably practicable, the Claims Administrator shall mail, via first class mail, the Class Notice to the Settlement Class Members.  The Class Notice shall provide information and

instructions to the Settlement Class Members concerning the Settlement and their right to submit a Claim Form, as well as their objection rights and opt-out rights.

34.     <u>Non-Deliverable Class Notices</u>.   If any Class Notices are returned as non-deliverable, and a forwarding address is provided, the Claims Administrator shall re-mail the Class Notice to the forwarding address within five (5) business days.  If any Class Notices are returned as non-deliverable, and no forwarding address is provided, the Claims Administrator shall attempt to ascertain a valid address for any affected Settlement Class Member by conducting an automated skip trace in an effort to find a valid address for such Settlement Class Member, and shall re-mail the Class Notice within five (5) business days to the address(es) that are found.

35.     <u>Telephone Support</u>.   Effective on the Class Notice Date, and until the expiration of the Payment Period, the Claims Administrator shall arrange for a toll-free interactive voice response ("IVR") telephone system with agreed-upon script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Class Notice and Claim Forms.  To the extent that Settlement Class Members have questions that are not answered by the IVR, they shall be directed to the Settlement Website, where they may submit a message that will be returned by the Claims Administrator or Class Counsel, as appropriate.  The Claims Administrator shall only respond to routine administrative questions (*e.g.*, questions about obtaining claim forms, questions about how or when to submit claims, questions about lost checks or address changes, etc.), and all other questions shall be referred to Class Counsel.

36.     <u>Settlement Website</u>.   Effective on the Class Notice Date and until thirty (30) days after expiration of the Payment Period, the Claims Administrator shall also make active an

agreed website describing the terms of the Settlement and from which Settlement Class Members can download relevant forms such as the operative Complaint, the Class Notice, the Claim Form, the Settlement Agreement, and ECF-filed (*i.e.*, publicly-available) copies of Plaintiff's motion papers in support of approval of the Settlement and in support of the requested attorneys' fees, costs, and class representative service awards.  The website shall also allow Class Members to upload completed claim forms, to complete an online version of the Claim Form, to upload accompanying documentation, and to send a message through the website to check on the status of their claims.  The website shall include the toll-free number established by the Claims Administrator pursuant to this Settlement, as well as other information pertinent to the Settlement.

37.     <u>Declaration of Due Diligence in Providing Notice</u>.  Prior to the filing of Plaintiff's Motion for Final Approval, or as requested by the Parties, the Claims Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Class Notice; (b) the total number of Settlement Class Members who were sent a Class Notice; and (c) the total number of Settlement Class Members who submitted timely requests for exclusion or objections to the Settlement, along with the complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection.  Class Counsel shall file the declaration with the Court prior to the Final Approval Hearing.

38.     The Claims Administrator shall send to each appropriate State and Federal official the materials specified in 28 U.S.C. § 1715 ("CAFA Notice") and otherwise comply with its terms. The identities of such officials and the content of the materials shall be mutually agreeable to the Parties, through their respective counsel.  Any communications received from State and

Federal officials in response to CAFA Notice shall be immediately (within one business day) electronically forwarded to counsel for the parties.

39.     Persons who believe that they are Class Members may contact Class Counsel or the Claims Administrator or complete and file a Claim Form indicating that they wish to be eligible for the relief provided in this Agreement.

### OPT-OUTS AND OBJECTIONS

40.     Requests for Exclusion:  The Class Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out"), postmarked no later than the Opt-Out Deadline.  Such written request for exclusion must contain the name and address of the Settlement Class Member requesting exclusion, and be personally signed by the Settlement Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of Settlement Class Members.  The opt-out request must be sent by mail to the Claims Administrator and must be timely postmarked by the Opt-Out Deadline.  The postmark date of the mailing envelope shall be the exclusive means used to determine whether an opt-out has been timely submitted.  The Claims Administrator shall provide the Parties with copies of all opt-out requests on a weekly basis.  If the number of Settlement Class Members who file opt-out requests equals or exceeds two-and-one-half percent (2.5%) of the total number of all Settlement Class Members, then Ally, in its sole discretion, may, at any time prior to ten (10) business days after the Opt-Out Deadline, notify Class Counsel that it believes that the Settlement Agreement cannot achieve its purpose.  In that event, this Settlement Agreement shall become null and void; the Action may continue; and the Plaintiff and Ally shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated.  Any Settlement Class Member who

17

requests exclusion from (*i.e.,* opts out of) the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon.

41.     <u>Objections</u>:  The Class Notice shall provide that any Settlement Class Member who wishes to object to the Settlement Agreement must file a written statement of objection with the Clerk of Court, and mail (with the requisite postmark) the written statement of objection to Class Counsel and Defense Counsel no later than the Opt-Out Deadline.  The Notice of Objection must state: a) the case name and number; b) the basis for the objection; c) the name, address, telephone number, and email address of the Settlement Class Member making the objection; d) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel; and e) be personally signed by the Settlement Class Member.  Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.  Any challenge to the Settlement, Final Approval Order, or Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## **FINAL APPROVAL**

42.     <u>Final Approval Motion</u>.  At least thirty (30) days before the Final Approval Hearing, or on the date set by the Court (if different), Plaintiff shall file a motion requesting that the Court grant final approval of the Settlement, with Class Counsel filing a memorandum of law in support of the motion and addressing any timely submitted objections to the Settlement.

43.     <u>Matters to Be Considered at Final Approval Hearing</u>.  At the Final Approval Hearing, the Court will consider and determine whether the Settlement is fair, reasonable and

adequate, whether the notice provided to Settlement Class Members constitutes the best notice practicable and satisfies due process, whether any objections to the Settlement should be overruled, whether Class Counsel's application for attorneys' fees and costs should be approved, and whether an order finally approving the Settlement should be entered.

44.     The obligation of the Parties to conclude this proposed Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order and Final Judgment which grants final approval of this Agreement and:

45.     Certifies the Settlement Class for settlement purposes;

46.     Finds that the Class Notice satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

47.     Finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, and that each Settlement Class Member (except those who submitted a timely and valid request to opt-out of the Settlement Class) shall be bound by this Agreement;

48.     Dismisses on the merits and with prejudice all claims asserted in the Action against Ally;

49.     Permanently enjoins each and every Settlement Class Member (excluding those Settlement Class Members who submitted a timely and valid request to opt-out) from bringing, joining or continuing to prosecute against Ally any action asserting the Released Claims; and

50.     Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## TERMINATION OF AGREEMENT

51.     Plaintiff and Ally shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so to all other Parties hereto within

ten (10) business days of: (a) the Court's final refusal to grant preliminary approval of this Agreement; (b) the Court's final refusal to grant final approval of this Agreement; or (c) the date upon which the Final Approval Order is modified or reversed in any material respect by the Eleventh Circuit Court of Appeals, or the U.S. Supreme Court. The above notwithstanding, the Parties agree that should the Court modify the Agreement in any respect, the Parties will, within the above-indicated period, meet and confer in a good faith attempt to reach agreement and preserve the Agreement.

## RELEASE, ASSIGNMENT OF CLAIMS AGAINST DEALERS AND DISMISSAL OF CLAIMS

52. <u>Class Release</u>. Subject to the approval of the Court and in consideration of the benefits inuring to the Plaintiff and the Settlement Class Members hereto, upon entry of the Final Approval Order, the Plaintiff and each Settlement Class Member and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement. The Plaintiff and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

53. <u>Assignment of Settlement Class Members' Claims Against Dealerships</u>. Each Settlement Class Member that receives a Settlement Payment assigns to Ally any and all claims the Settlement Class Member has or may have against the dealership that charged the allegedly impermissible Documentary or Dealer Fee arising from or related to that Fee up to the amount of the Settlement Payment that the Settlement Class Member receives. Ally reserves the right to

pursue those claims and/or seek indemnification from such dealerships.  In the event Ally pursues a Settlement Class Member's claims against a dealership, Ally further agrees to indemnify Settlement Class Members from any claims, counterclaims, or third party claims asserted by the dealership against a Settlement Class Member in that action to the extent the dealership's claims, counterclaims or third party claims arise from or relate to the allegedly impermissible documentary or dealer fee.

## **MISCELLANEOUS**

54.    <u>No Admission of Liability</u>.  By entering into this Agreement, Ally shall not be deemed to have made any admission of liability or wrongdoing.

55.    <u>Acknowledgment</u>.  Each of the Parties acknowledges and represents that such Party: (a) has fully and carefully read this Agreement prior to execution; (b) has been fully apprised by counsel of the legal effect and meaning of the terms of this Agreement; (c) has had the opportunity to undertake whatever investigation or inquiry is necessary or appropriate in connection with this Agreement; (d) has been afforded the opportunity to negotiate any and all terms of this Agreement; and (e) is executing this Agreement voluntarily and free from any undue influence, coercion, or duress of any kind.

56.    <u>Agreement to Cooperate</u>.  The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties may seek the assistance of the Court to resolve such disagreement after meeting and conferring with each other in good faith to attempt to resolve the dispute.

57.     Plaintiff further represents that he: (1) has agreed to serve as the representative of the Class proposed to be certified herein; (2) is willing, able, and ready to perform all of the duties and obligations of the representative of the Class, including, but not limited to, being involved in discovery and fact finding; (3) has read the pleadings in the Action, including the operative Complaint, or has had the contents of such pleadings described to him; (4) is familiar with the results of the fact-finding undertaken by Class Counsel; (5) has been kept apprised of settlement negotiations among the Parties, and has either read this Agreement, including the exhibits annexed hereto, or has received a detailed description of it from Class Counsel and has agreed to its terms; (6) has consulted with Class Counsel about the claims and the Action and this Agreement and the obligations imposed on the representative of the Class; (7) has a good faith belief that this Settlement and its terms are fair, adequate, reasonable and in the best interests of the Class; and (8) shall remain and serve as the representative of the Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that said Plaintiff cannot represent the Class.

58.     The Parties acknowledge and agree that no opinion concerning the tax consequences of the proposed Settlement to Class Members is given or will be given by the Parties, nor are any representations or warranties in this regard made by virtue of this Agreement.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

59.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, event, or default from which the

designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a federal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.  As used in this Paragraph, "Federal Holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Patriot's Day, Thanksgiving Day, the day after Thanksgiving, Christmas Day, and any other day appointed as a holiday by the President, the Congress of the United States or the Clerk of the United States District Court for the Southern District of Florida.

60.     The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

61.     The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

62.     If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

63.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if Ally, and Class Counsel, on behalf of Plaintiff and Class Members, mutually agree in writing to proceed as if such invalid,

illegal, or unenforceable provision had never been included in this Agreement.  Any such agreement shall be reviewed and approved by the Court before it becomes effective.

64.    Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties represents that such person has the authority to execute this Agreement.

65.    Binding Upon Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties, as previously defined.

66.    Construction.  The Parties believe that the terms of this Agreement are a fair, adequate and reasonable settlement of this Action, and have arrived at this Settlement Agreement through arms-length negotiations and with the assistance of a professional and neutral mediator, taking into account all relevant factors, present and potential.  This Agreement has been drafted jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Agreement, the same shall not be construed against any of the Parties.

67.    Counterparts.  This Agreement may be executed in one or more counterparts.  All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

68.    Defense Fees and Costs.  All of Ally's own attorneys' fees and legal costs and expenses incurred in the Action shall be borne by Ally from its own separate funds.

69.    Entire Agreement.  This Agreement constitutes the entire fully-integrated agreement among the Parties relating to the Settlement.  All prior or contemporaneous agreements, understandings and statements, whether oral or written, and whether by a party or its counsel, are merged herein.  No oral or written representations, warranties or inducements of any kind have been made to any Party concerning this Agreement, other than as set forth herein.

70.     <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of Florida.

71.     <u>Headings and Captions</u>.  The headings and captions in this Agreement are for convenience only and in no way define, limit, or otherwise describe the scope or intent of this Agreement, or any term of this Agreement.  Each term of this Agreement is contractual and is not merely a recital.

72.     <u>No Oral Modifications</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.  No rights hereunder may be waived except in writing.  No oral amendment or modification shall be permitted or effective.

73.     <u>Notices</u>.  Unless otherwise agreed in writing, all notices to the Parties or counsel required by the Agreement shall be made in writing and communicated by first class mail and email to the following:

If to the Plaintiff or Class Counsel:

> **Podhurst Orseck, P.A.**
> Matthew P. Weinshall
> One S.E. 3rd Ave, Suite 2300
> Miami, FL 33131
> Telephone: (305) 358-2800
> Email: mweinshall@podhurst.com

If to Ally's Counsel:

> **BALLARD SPAHR, LLP**
> Christopher J. Willis
> 999 Peachtree Street, Suite 1000
> Atlanta, GA 30309-2915
> Telephone: (678) 420-3900
> Fax: (678)-420-9301
> Email: willisc@ballardspahr.com

74.    <u>Retention of Jurisdiction</u>.    The Court shall retain jurisdiction to interpret, implement and enforce this Settlement Agreement.  The Parties consent to jurisdiction for this purpose.

Ally Financial, Inc.

Date: June 5, 2018

By: Jeffrey A. Belisle

Title: Corporate Secretary

Robert A. Schreiber

Date:

**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFF**

**PODHURST ORSECK, P.A.**
Peter Prieto (FBN 501492)
pprieto@podhurst.com
John Gravante III (FBN 617113)
jgravante@podhurst.com
Matthew Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382

**BARON & BUDD P.C.**
Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Jonas P. Mann (SBN 263314)
jmann@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818)839-2333
Facsimile: (818)986-9698

Ally Financial, Inc.

_____          Date: _____

                                         By: _____

                                         Title _____

Robert A. Schreiber

_____          Date:    5/24/2018

**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFF**

**PODHURST ORSECK, P.A.**
Peter Prieto (FBN 501492)
pprieto@podhurst.com
John Gravante III (FBN 617113)
jgravante@podhurst.com
Matthew Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382

**BARON & BUDD P.C.**
Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Jonas P. Mann (SBN 263314)
jmann@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818)839-2333
Facsimile: (818)986-9698

27

Ally Financial, Inc.

_____        Date:_____

                                       By:_____

                                       Title_____

Robert A. Schreiber

_____        Date:_____

**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFF**

_____

**PODHURST ORSECK, P.A.**
Peter Prieto (FBN 501492)
pprieto@podhurst.com
John Gravante III (FBN 617113)
jgravante@podhurst.com
Matthew Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382


_____

**BARON & BUDD P.C.**
Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Jonas P. Mann (SBN 263314)
jmann@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818)839-2333
Facsimile: (818)986-9698

27

Ally Financial, Inc.

_____          Date:_____

                                          By:_____

                                          Title_____


Robert A. Schreiber

_____          Date:_____


**APPROVED AS TO FORM AND CONTENT:**

**FOR PLAINTIFF**


**PODHURST ORSECK, P.A.**
Peter Prieto (FBN 501492)
pprieto@podhurst.com
John Gravante III (FBN 617113)
jgravante@podhurst.com
Matthew Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382


**BARON & BUDD P.C.**
Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Jonas P. Mann (SBN 263314)
jmann@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818)839-2333
Facsimile: (818)986-9698

FOR ALLY FINANCIAL INC.

BALLARD SPAHR, LLP
Christopher J. Willis
Sarah T. Reise
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-2915
Telephone: (678) 420-3900
Fax: (678)-420-9301
Email: willisc@ballardspahr.com
         reises@ballardspahr.com

28

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| ROBERT A. SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>ALLY FINANCIAL INC., *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:14-cv-22069

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT.**
**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.**
<u>**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**</u>

This is an important notice from the United States District Court for the Southern District of Florida (the "Court") regarding a proposed class action settlement and upcoming hearing in the above-referenced class action lawsuit that may affect your rights.  This notice is being sent to you because **you have been identified as a Settlement Class Member in this lawsuit and therefore may be entitled to money under the proposed Settlement.  IN ORDER TO RECEIVE COMPENSATION FROM THIS SETTLEMENT IF YOU ARE ELIGIBLE, YOU MUST COMPLETE, SIGN, AND RETURN THE ENCLOSED CLAIM FORM BY [DATE].**

**I.      BACKGROUND AND SUMMARY OF LITIGATION**

This class action lawsuit alleges that Defendant Ally Financial Inc. ("Ally") violated the legal rights of consumers by charging or permitting dealerships to charge impermissible documentary or dealer fees in connection with lease-end vehicle purchases pursuant to purchase option provisions in consumers' leases.  Ally denies that it has acted unlawfully, but has agreed to enter into this Settlement to resolve these allegations.

The Court has preliminarily approved the Settlement and has certified the following class for settlement purposes:

> All persons nationwide who leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. (or a predecessor in interest or affiliated company, including General Motors Acceptance Corporation, GMAC LLC, GMAC Inc., GMAC Automotive Bank, Ally Bank, Ally Bank Lease Trust or Ally Financial Lease Trust), and who subsequently purchased the leased vehicle between June 4, 2009

1

and [preliminary approval date] pursuant to the purchase option provision in the SmartLease Agreement and were required to pay a documentary, dealer, or similar fee not disclosed in the SmartLease Agreement when purchasing the vehicle (the "Settlement Class").

## II.   SUMMARY OF THE PROPOSED SETTLEMENT

The Court preliminarily certified the Settlement Class and preliminarily approved the settlement on [DATE].  The Settlement Agreement provides for the following relief:

Ally has agreed to pay each Settlement Class Member who timely returns a completed Claim Form and all necessary documentation ("Claimant") a Settlement Payment up to **one hundred percent (100%)** of the documentary, dealer, or similar fee that was charged in connection with the lease-end purchase pursuant to the purchase option provision in his/her SmartLease Agreement during the time period from June 4, 2009 through [preliminary approval date].  Settlement Payments are expected to be mailed within 180 days after the effective date of the settlement.

A Claim Form is enclosed with this Notice of Class Action Settlement, and additional copies may be obtained on the Settlement Website at [www._____.com].  Alternatively, an online version of the claim form may be completed on the Settlement Website.  In order to receive compensation from this Settlement, if you are eligible, YOU MUST SUBMIT A CLAIM FORM OR COMPLETE AN ONLINE CLAIM FORM BY [DATE].

Claimants will have 180 days from the date settlement checks are issued to cash their settlement check (the "Payment Period").  Any funds from checks that remain uncashed following the Payment Period will be paid to an entity approved by the Court.

During the Class Period, total estimated amount of documentary or dealer fees charged to Settlement Class Members, based on an analysis of a statistically significant sample of accounts with documentation containing information establishing that such fees were charged, was approximately $19,717,222 (the "Settlement Value").  This is the value of the Settlement if all Settlement Class Members submit timely Claim Forms.  Pursuant to this Settlement, Ally will make the full amount of the Settlement Value available to Settlement Class Members, inclusive of any attorneys' fees and costs.  Subject to the Court's approval, Ally has agreed to pay Class Counsel's attorneys' fees in an amount up to $2,950,000.  The Settlement Value is exclusive of and an addition to all fees and costs paid to the Claims Administrator.

## III.   INSTRUCTIONS FOR FILLING OUT A CLAIM FORM

If you purchased your leased vehicle pursuant to the purchase option provision in your SmartLease Agreement, and were charged a documentary, dealer, or other similar fee between June 4, 2009 and _____, 201_, you may be entitled to payment.

If you are entitled and wish to make a claim for settlement relief, you **must** complete the Enclosed Class Action Claim Form ("Claim Form") and submit it to Settlement Administrator or

complete the online version of the Claim Form.  The deadline to submit a completed Claim Form is _____ ("Claim Deadline").  You may submit your completed Claim Form in one of the following ways:

     i.      Mail it to:  *[Claims Administrator]* P.O. Box ____, _____, _____ _____-____, with a postmark of no later than _____ or, if a private mail carrier is used, a label reflecting that the mail date is no later than the Claim Deadline.

     ii.     Upload it to the Settlement Website at:  www._____.com

     iii.    Complete the online version of the claim form at www._____.com.

If you fail to submit your completed Claim Form by the Claim Deadline, you will not be able to obtain a settlement credit or payment.

In addition to completely filling out all requested information and signing the Claim Form, in order to receive a payment of Settlement Relief, you must either:

     i.      provide documentation, such as a retail installment sales contract, buyer's order, or other itemized invoice or documentation, confirming that a documentary, dealer or similar fee was charged, and the amount of the fee; or

     ii.     indicate that you believe you were charged a documentary, dealer, or similar fee, and request that the Claims Administrator conduct a reasonable search of records provided by Class Counsel and/or Ally for a Fee Document (as defined in the Settlement Agreement and Release).

PLEASE NOTE that Ally and Class Counsel do not have fee documentation for all class members, and therefore, the Claims Administrator may not be able to locate this documentation for you through a reasonable search of the records.  If no documentation is submitted with your claim form, and if the Claims Administrator cannot locate documentation for you, you will not receive a settlement payment.

Once you return your completed Claim Form, your claim will be reviewed by the Settlement Administrator. Subject to the audit of claims, if your Claim Form is properly completed, affirmed, and where appropriately verified, and the Settlement Administrator determines that your claim is valid, you will receive your settlement relief, subject to final approval by the Court.

Ally may separately audit or review Claim Forms submitted by Claimants. Any such audit may include a computerized search for any bankruptcy filings in United States District Bankruptcy Court pertaining to the Claimant(s) filed after the Claimant(s) purchased the leased vehicle.

If you have any questions or would like further information about the terms of the settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for settlement relief, you may visit [www._____.com], call us toll-free at 1-800-xxx-xxxx, or write to: _____, _____, _____, _____, _____ XXXXX.

III.   **Release of Claims**

In exchange for the monetary and injunctive relief provided by the settlement, all Settlement Class Members who do not timely exclude themselves by opting out of the settlement will release Ally, including each and all of its respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of its respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives (collectively, the "Released Parties"), from all claims asserted against Ally in the action, *Schreiber v. Ally Financial, Inc.*, Civ. Act. No. 1:14-cv-22069 (S.D. Fla.) (the "Action"), and any related claims which could be asserted against Ally in connection with documentary or dealer fees charged in connection with a lease end purchase of a leased vehicle pursuant to the purchase option provision of leases assigned to or serviced by Ally (or its affiliates) during the Class Period, based upon the allegations set forth in the complaint filed in the Action (including, without limitation, claims for breach of contract and violation of the Consumer Leasing Act) ("Released Claims").

The Settlement Agreement describes the Class Release as follows:

> Subject to the approval of the Court and in consideration of the benefits inuring to the Plaintiff and the Settlement Class Members hereto, upon entry of the Final Approval Order, the Plaintiff and each Settlement Class Member and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement.  The Plaintiff and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

The Class Release does not apply to any dealership that allegedly improperly charged a documentary, dealer or other improper fee in connection with a lease-end purchase.  Instead, each Settlement Class Member that receives a Settlement Payment assigns to Ally any and all claims the Settlement Class Member has or may have against the dealership that charged the allegedly impermissible documentary or dealer fee arising from or related to that fee.  Ally reserves the right to pursue those claims and/or seek indemnification from such dealerships.  In the event Ally pursues a Settlement Class Member's claims against a dealership, Ally further agrees to indemnify Settlement Class Members from any claims, counterclaims, or third party claims asserted by the dealership against a Settlement Class Member in that action to the extent the dealership's claims, counterclaims or third party claims arise from or relate to the allegedly

impermissible documentary or dealer fee.

If the proposed settlement is approved by the Court, a judgment will be entered by the Court following the Final Approval Hearing, which will dismiss with prejudice the Released Claims as set forth above.  This release will not apply to any Settlement Class Members who timely opt out of the Class.

## IV.    Your Legal Rights and Options

**In order to receive monetary relief from this Settlement, YOU MUST RETURN A COMPLETED COPY OF THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR OR COMPLETE AN ONLINE VERSION OF THE CLAIM FORM BY [Insert Date].**

If you do not wish to participate in this Settlement, and want to be excluded from the Settlement Class, you must send a letter to the Claims Administrator at the address above, postmarked no later than [INSERT DATE], requesting exclusion from the settlement ("opt-out"). Your written request for exclusion must contain your name, address, telephone number and email address, and be personally signed by you.  No opt out request may be made on behalf of a group of Settlement Class Members.  Any Settlement Class Member who requests exclusion from (opts out of) the Settlement will not be bound by the Settlement Agreement, and will not have any right to object, appeal or comment thereon.  If you exclude yourself, you will not receive any compensation under the Settlement, but you will keep your right to sue Ally on your own and at your expense.

If you wish to object to the Settlement, you must file a written objection with the Clerk of Court, and mail your objection (with the requisite postmark) to Class Counsel and Defense Counsel no later than [INSERT DATE].  The address for Class Counsel is provided below in Section VI.  The address for Defense Counsel is:

> Christopher J. Willis
> BALLARD SPAHR, LLP
> 999 Peachtree St., NE, Suite 1000
> Atlanta, Georgia 30309

The Notice of Objection must include (a) the case name and number; (b)  your name, address, telephone number, and email address (c) the basis for the objection; (d) a statement of whether you  intend to appear at the Final Approval Hearing, either with or without counsel; and (e) be personally signed by you.  Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.  If you object to the Settlement, you will remain a Settlement Class Member, and will be bound by the terms of the Settlement and the release specified above, if the Court grants final approval to the Settlement.

## V.    The Final Approval Hearing

On [INSERT DATE], at [INSERT TIME], before the Honorable Darrin P. Gayles, in the United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, the Court will hold a Final Approval Hearing to determine whether to grant final approval to the Settlement and determine the appropriate amount of attorneys' fees and costs to award to counsel for the Settlement Class and any service award to the Named Plaintiff.  You may attend this hearing but are not required to do so.  You may also enter an appearance in the case through your own attorney, at your own expense, if you so desire.

You may review a copy of the Settlement Agreement and other documents that are relevant to this case, including Class Counsel's application for attorneys' fees and costs (when it is filed), at the Settlement Website, www._____.com.  You may also review a copy of the Settlement Agreement at the Clerk's Office at the U.S. District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128.

## VI.   How to Obtain Additional Information

This Notice of Class Action Settlement provides a summary of the proposed Settlement Agreement.  If you have any questions concerning this Settlement, you should visit the Settlement Website, www._____.com.  If you have further questions after visiting the Settlement Website, or need any assistance in completing the Claim Form, you may call the Claims Administrator at [INSERT 1-800 NUMBER], or mail or email your inquiry to the Claims Administrator at the address below:

Claims Administrator
[INSERT CLAIMS ADMINISTRATOR ADDRESS]

You may also contact Class Counsel directly, as follows:

Matthew P. Weinshall
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382


Dan Alberstone
BARON & BUDD P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818)839-2333
Facsimile: (818)986-9698


**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS**

# EXHIBIT B

**INSTRUCTIONS FOR CLASS ACTION CLAIM FORM**

## I.  HOW TO MAKE A CLAIM FOR SETTLEMENT RELIEF

    a.    <u>Eligibility for Relief</u>

If you purchased your leased vehicle pursuant to the purchase option provision in your SmartLease Agreement, and were charged a documentary, dealer, or similar fee between June 4, 2009 and _____, 201_, you may be entitled to payment in the amount of the fee that was charged ("Settlement Relief").

    b.    <u>How to Make a Claim for Settlement Relief</u>

If you are entitled and wish to make a claim for settlement relief, you ***must*** complete the Enclosed Class Action Claim Form ("Claim Form") and submit it to Claims Administrator or complete an online version of the Claim Form.  The deadline to submit a completed Claim Form is _____ ("Claim Deadline").  You may submit your completed Claim Form in one of the following ways:

    i.    Mail it to:  *[Claims Administrator]*, P.O. Box ____, _____, _____ _____-____, with a postmark of no later than _____or, if a private mail carrier is used, a label reflecting that the mail date is no later than the Claim Deadline.

    ii.    On or before [date], upload it to the Settlement Website at:  www._____.com

    iii.    Prior to 11:59 p.m. Eastern Time on [date], complete an online version of the Claim Form at: www._____.com

If you fail to submit your Claim Form as required by these Instructions, you will not be able to obtain a settlement payment.

    c.    <u>Affirmations and Verification of Your Claim</u>

Your Claim Form <u>must be completely filled out</u> and <u>signed</u> in order to receive payment in the amount of Settlement Relief.  In addition, to receive a payment of Settlement Relief, <u>you must either</u>:

    i.    provide documentation, such as a retail installment sales contract, buyer's order, or other itemized invoice or documentation, confirming that a documentary, dealer or similar fee was charged, and the amount of the fee (if the documentation is dated more than thirty days after the day of the transaction, you must also provide an explanation for the date of the documentation); or

    ii.    indicate that you believe you were charged a documentary, dealer or similar fee, and request that the Claims Administrator conduct a reasonable search of records provided by Class Counsel and/or Ally for a Fee Document (as defined in the Settlement Agreement and Release).

PLEASE NOTE that Ally and Class Counsel do not have fee documentation for all class members, and therefore, the Claims Administrator may not be able to locate this documentation for you.  If no documentation is submitted with your claim form, and if the Claims Administrator cannot locate documentation for you through a reasonable search of available records, you will not receive a settlement payment.

    d.    <u>Review of Your Claim</u>

Once you return your completed Claim Form, your claim will be reviewed by the Claims Administrator. Subject to the audit of claims, if your Claim Form is properly completed and the Claims Administrator determines that your claim is valid, you will receive a Settlement Payment, as set forth in the Settlement Agreement and Release, subject to final approval by the Court. Settlement Payments are expected to be mailed within 180 days after the effective date of the settlement.

e.       Audit of Claim Forms

Ally may separately audit or review Claim Forms submitted by Claimants. Any such audit may include a computerized search for any bankruptcy filings in United States District Bankruptcy Court pertaining to the Claimant(s) filed after the Claimant(s) purchased the leased vehicle.

## II. IF YOU NEED FURTHER INFORMATION

If you have any questions or would like further information about the terms of the settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for settlement relief, you may visit www._____.com, call us toll-free at 1-800-xxx-xxxx, or write to: _____, _____, _____, _____, _____ XXXXX.

## CLASS ACTION CLAIM FORM

PLEASE FULLY COMPLETE THIS CLAIM FORM AND SIGN IT BELOW. INCOMPLETE CLAIM FORMS WILL BE DEEMED INVALID AND THE CLAIM MAY BE DENIED.  IF MORE THAN ONE PERSON IS A LESSEE ON THE ALLY LEASE, THEN ALL NAMED LESSEES MUST COMPLETE AND SIGN THIS CLAIM FORM.

THIS COMPLETED FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR SO THAT IT IS POSTMARKED ON OR BEFORE <<DEADLINE>> OR SUBMITTED ONLINE BEFORE 11:59 P.M. EASTERN TIME ON <<DEADLINE>>.

**TO BE COMPLETED BY YOU**:

1.  Claimant's Name _____

2.  Claimant's Current Address _____
    (if different from address on _____
    the envelope enclosing this _____
    form)

3.  Claimant's Telephone Number _____(Home)_____ _____(Cell)_____

4.  Claimant's Email Address _____

### You must also provide ONE of the following:

(1) A buyer's order, itemized invoice, or retail installment sales contract related to the purchase of the leased vehicle that identifies the documentary, dealer or similar fee that was charged, and the amount of that fee          **OR**

(2) Indicate below that you believe you were charged a documentary, dealer or similar fee in connection with the purchase of the leased vehicle, and you request that the Claims Administrator make a reasonable search of available records to locate documentation of the fee.

---

**(1)      During the period from June 4, 2009 through DATE, I leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial, Inc., and I exercised my right to purchase the leased vehicle under the purchase option provision in the lease;**

**(2)      I believe I was charged a documentary, dealer or similar fee in connection with my purchase of the leased vehicle, and that fee has not been refunded; and**

**(3)      Check ONE:**

**_____   I am enclosing documentation showing that I was charged a fee;  OR**

**_____   I believe I was charged a fee, and I request that the Claims Administrator to make a reasonable search of available records to locate documentation of the fee.**

**(4)      Since my purchase of the vehicle, my claim against Ally Financial Inc. has not been compromised or discharged in bankruptcy.**

**The information provided by me on this Claim Form is true and correct.**

**Date: _____, 2018.**

_____          _____

**(Signature of Claimant)**                     Last Four Digits of Social Security No.


_____          _____

**(Signature of Co-Claimant)**                  Last Four Digits of Social Security No.