**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |  |
|---|---|---|
| ROBERT A. SCHREIBER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) ) | Civil Action No. 1:14-cv-22069 |
| ALLY FINANCIAL INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER PRELIMINARILY APPROVING CLASS**
**SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

The Parties to the above-captioned class action have agreed to a proposed settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement"). The Parties reached the Settlement through arm's-length negotiations over several months. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Class would fully, finally, and forever resolve, discharge, and release their claims against the Released Parties in exchange for Ally Financial, Inc.'s agreement to pay up to $19,717,222 to benefit the Class, inclusive of all attorneys' fees and costs and a service award to Plaintiff, and to pay costs associated with providing notice to the Class and settlement administration, as set forth in the Settlement.[1]

The Settlement has been filed with the Court, and Plaintiff has filed an Unopposed Motion for Preliminary Approval of Class Settlement and for Preliminary Certification of the Class (the "Motion"), for settlement purposes only. Upon considering the Motion and exhibits

---

[1] Capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement.

thereto, the Settlement, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and Parties to these proceedings; (2) the proposed Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure[2] and should be preliminarily certified for settlement purposes only; (3) the persons and entities identified below should be appointed class representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and should be preliminarily approved; (6) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; (7) the proposed Notice Program, proposed form of notice, and proposed Claim Form satisfy Rule 23 and Constitutional Due Process requirements, and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, preliminary class certification for settlement purposes only, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and/or request for a service award for Plaintiff, Class Members' rights to opt-out of the Class and object to the Settlement, and the process for submitting a Claim to request a payment from the Settlement; (8) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Rule 23(e), to assist the Court in determining whether to grant final approval of the Settlement, certify the Class for settlement purposes only, and issue a Final Order and Final Judgment, and whether to grant Class Counsel's Fee Application and request for a service award for Plaintiff; and (9) the other related matters pertinent to the preliminary approval of the Settlement should also be approved.

---

[2] All citations to the Rules shall refer to the Federal Rules of Civil Procedure.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter and Parties to this proceeding, pursuant to 28 U.S.C. §§ 1331 and 1332.

2. Venue is proper in this District.

<u>Preliminary Class Certification for Settlement Purposes Only and Appointment of Class Representatives and Class Counsel</u>

3. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to preliminarily certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. The Court finds, for settlement purposes, that the Rule 23 factors are satisfied and that preliminary certification of the proposed Class is appropriate under Rule 23. The Court, therefore, preliminarily certifies the following Class:

> all persons nationwide who leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. (or a predecessor in interest or affiliated company, including General Motors Acceptance Corporation, GMAC LLC, GMAC Inc., GMAC Automotive Bank, Ally Bank, Ally Bank Lease Trust or Ally Financial Lease Trust), and who subsequently purchased the leased vehicle between June 4, 2009 and the Preliminary Approval Date pursuant to the purchase option provision in the SmartLease Agreement and were required to pay a Documentary or Dealer Fee not disclosed in the SmartLease Agreement when purchasing the vehicle.

5. Specifically, the Court finds, for settlement purposes, that the Class satisfies the following factors of Rule 23:

(a) Numerosity: In the Action, tens of thousands of individuals, spread out across the country, are members of the proposed Class. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See Kilgo v. Bowman Trans., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

(b) Commonality: The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 313 (S.D. Fla. 2001) (same). Here, the commonality requirement is satisfied for settlement purposes because there are multiple questions of law and fact that center on the common terms of Ally's SmartLease, Ally's conduct towards the Class, and whether Ally's conduct breached the SmartLease or violated the Consumer Leasing Act, as alleged in the operative Complaint.

(c) Typicality: The Plaintiff's claims are typical of the Class for purposes of this Settlement because they concern the same general alleged conduct, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and

suffer the same injury as the class members").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant*, 202 F.R.D. at 314. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiff and the Class, and the Plaintiff has retained competent counsel to represent him and the Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Class Members' interests in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for tens of thousands of Class Members in a single, coordinated proceeding is superior to millions of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Class Members in a single

5

common judgment.

  6.  The Court appoints Plaintiff Robert Schreiber as the Class Representative.

  7.  The Court appoints the following persons and entities as Class Counsel:

PODHURST ORSECK, P.A.
Suntrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel: (305) 358-2800
Email: pprieto@podhurst.com

BARON & BUDD
15910 Ventura Blvd #1600
Encino, CA 91436
Tel: (818) 839-2333
Email: rtellis@baronbudd.com

<u>Preliminary Approval of the Settlement</u>

  8.  At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

  9.  The Court preliminarily approves the Settlement and the exhibits appended to the Motion, as fair, reasonable, and adequate under Rule 23. The Court finds that the Settlement was

reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

<u>Approval of Notice and Notice Program and Direction to Effectuate<br>the Notice and Outreach Programs</u>

10. The Court approves the form and content of the notice to be provided to the Class, substantially in the form appended as Exhibit A to the Settlement Agreement. The Court further finds that the Notice Program, described in paragraphs 30-39 of the Settlement, is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, class certification for settlement purposes only, the terms of the Settlement, Class Members' rights to opt-out of the Class and object to the Settlement, Class Counsel's Fee Application, and the request for a service award for Plaintiff. The notice and Notice Program constitute sufficient notice to all persons and entities entitled to notice. The notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the constitutional requirement of due process. The Court finds that the notice is written in simple terminology, is readily understandable by Class Members, and complies with the Federal Judicial Center's illustrative class action notices. The Court orders that the notice be disseminated to the Class as per the Settlement.

11. The Court directs that Heffler Claims Group act as the Claims Administrator.

12. The Claims Administrator shall implement the Notice Program, as set forth in the Settlement, using substantially the form of notice appended as Exhibit A to the Settlement Agreement and approved by this Order. Notice shall be provided to the Class Members pursuant to the Notice Program, as specified in paragraphs 30-39 of the Settlement and approved by this Order.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

13. The Court directs that a Final Approval Hearing be scheduled for **Thursday, October 11, 2018, at 10:00 a.m.**, to assist the Court in determining whether to grant Final Approval to the Settlement, certify the Class, and enter the Final Order and Final Judgment, and whether Class Counsel's Fee Application and request for a service award for Plaintiff should be granted.

14. Potential Class Members who timely and validly exclude themselves from the Class shall not be bound by the Settlement Agreement, the Settlement, or the Final Order and Final Judgment. If a potential Class Member files a request for exclusion, he/she/it may not assert an objection to the Settlement Agreement. The Claims Administrator shall provide copies of any requests for exclusion to Class Counsel and Ally's Counsel as provided in the Settlement Agreement.

15. The Court directs that any person or entity within the Class definition who wishes to be excluded from the Class may exercise his, her, or its right to opt out of the Class by following the opt-out procedures set forth in the notice at any time during the opt-out period. To be valid and timely, opt-out requests must be postmarked on or before the last day of the Opt-Out Period (the "Opt-Out Deadline"), which is 45 days after the Notice Date [July 17, 2018], must be

mailed to **Schreiber v. Ally Financial, Inc., PO Box 7528, Philadelphia, PA 19101-7528**, and must include:

    (i)    the full name, telephone number, and address of the person or entity seeking to be excluded from the Class;

    (ii)    a statement affirming that such person or entity is a member of the Class;

    (iii)    a statement that such person or entity wishes to be excluded from the Settlement; and

    (iv)    the signature of the person or entity seeking to be excluded from the Class.

16. The Opt-Out Deadline shall be specified in the direct-mailed notice. All persons and entities within the Class definition who do not timely and validly opt out of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases set forth in paragraph 52 of the Settlement.

17. The Court further directs that any person or entity in the Class who does not opt out of the Class may object to the Settlement, Class Counsel's Fee Application and/or the request for a service award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and counsel for Ally, at the following addresses:

  (a) Clerk of the Court
     Wilkie D. Ferguson, Jr. U.S. Courthouse
     400 North Miami Avenue
     Miami, FL 33128

  (b) Class Counsel
     Matthew P. Weinshall
     PODHURST ORSECK, P.A.
     Suntrust International Center
     One S.E. 3rd Avenue, Suite 2300
     Miami, Florida 33131

  (c) Counsel for Ally Financial, Inc.
     Christopher J. Willis
     BALLARD SPAHR, LLP
     999 Peachtree Street, Suite 1000
     Atlanta, GA 30309-2915

18. For an objection to be considered by the Court, the objection must be postmarked or sent via overnight delivery no later than the Opt-Out Deadline of 45 days after the Notice Date [July 17, 2018], must be addressed to the addresses listed in the preceding paragraph and in the notice, and must include the following:

(i) the case name, *Schreiber v. Ally Financial, Inc.*, No. 14-cv-22069 (S.D. Fla.), and an indication that the objection is to the Settlement;

(ii) the objector's full name, actual residential address, and telephone number;

(iii) an explanation of the basis upon which the objector claims to be a Class Member;

(iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel and any documents supporting the objection;

(v) the full name, telephone number, and address of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

(vi) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel;

(vii) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    (viii)    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

    (ix)    the objector's dated, handwritten signature (an electronic signature or the objector's counsel's signature is not sufficient).

19. Any objection that fails to satisfy these requirements and any other requirements found in the notice shall not be considered by the Court.

### Further Papers in Support of Settlement and Fee Application

20. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Class Counsel shall file their request for attorneys' fees, costs, and expenses ("Fee Application") and request for a service award for Plaintiff, no later than 15 days before the Opt-Out Deadline [August 31, 2018]. If Ally chooses to file a memorandum of law in support of final approval of the Settlement, it also must do so no later than 15 days before the Opt-Out Deadline [August 31, 2018].

21. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement and the Fee Application no later than 14 days before the Final Approval Hearing [October 11, 2018]. If Ally chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement, it also must do so no later than 14 days before Final Approval Hearing [October 11, 2018].

### Stay/Bar of Other Proceedings

22. Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity (even those Class Members who validly and timely elect to be excluded from the Class, with the validity of the opt out request to be determined by the Court only at the Final Approval

Hearing), shall commence, continue, or prosecute against any of the Released Parties (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Agreement.

## General Provisions

23.     The Court reserves the right to approve the Settlement with or without modification, provided that any modification does not limit the rights of the Class under the Settlement, and with or without further notice to the Class and may continue or adjourn the Final Approval Hearing without further notice to the Class, except that any such continuation or adjournment shall be announced on the Settlement website.

24.     Class Counsel and Ally's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

25.     The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Agreement.

26. Any information received by the Claims Administrator or any other person in connection with the Settlement Agreement that pertains to personal information regarding a particular Class Member (other than objections or requests for exclusion) shall not be disclosed to any other person or entity other than Class Counsel, Ally, Ally's Counsel, or the Court and as otherwise provided in the Settlement Agreement.

27. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

28. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

> (i) Notice shall be provided in accordance with the Settlement and this Order—that is, beginning no later than **July 17, 2018**, which shall be the Notice Date;
>
> (ii) Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and Incorporated Memorandum of Law, and Class Counsel shall file their Fee Application and request for a service award for Plaintiff, no later than 15 days before the Opt-Out Deadline [August 31, 2018];
>
> (iii) If Ally chooses to file a memorandum of law in support of final approval of the Settlement, it also must do so no later than no later than 15 days before the Opt-Out Deadline;
>
> (iv) Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the request for service awards no later than 45 days after the

       Notice Date [July 17, 2018];

(v)    Class Members must file requests for exclusion from the Settlement no later than 45 days after the Notice Date [July 17, 2018];

(vi)    Plaintiff and Class Counsel shall file their responses to timely filed objections to the Settlement and Fee Application no later than 14 days before the Final Approval Hearing [October 11, 2018];

(vii)    If Ally chooses to file a response to timely filed objections to the Settlement, it shall do so no later than 14 days before the Final Approval Hearing [October 11, 2018]; and

(viii)    The Final Approval Hearing will be held on Thursday, October 11, 2018, at 10:00 a.m., at the United States Courthouse, Wilkie D. Ferguson, Jr. Building, Courtroom 11-1, 400 North Miami Avenue, Miami, Florida 33128.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of June, 2018.

                                              DARRIN P. GAYLES
                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record