IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-22069-DPG

ROBERT A. SCHREIBER and WINIFRED
C. BURNFIELD, individually and
on behalf of all others similarly situated,

       Plaintiffs,

vs.

ALLY FINANCIAL INC.,
a Delaware corporation, d/b/a ALLY BANK,
flkla GMAC, INC.

  Defendants.                       /

## OBJECTION

Class member and objector, Stephen Kron, ("hereinafter Objector") objects to the

class action settlement. His contact information is PO Box 7015, Laguna Hills, CA 92607,

Kis94@aol.com and (949) 283-2214.  He submitted a claim form on or about August 14,

2018 with a claim number of WCF0006194.  *See* the attached Claim Form.

"[T]he district judge has a heavy duty to ensure that any settlement is 'fair,

reasonable, and adequate' and that the fee awarded plaintiffs' counsel is entirely

appropriate." *Piambino v. Bailey,* 757 F.2d 1112, 1139 (11th Cir. 1985). This duty is "akin

to the high duty of care that the law requires of fiduciaries." *Figueroa v. Sharper Image

Corp.*, 517 F. Supp. 2d 1292, 1320 (S.D. Fla. 2007). The district court fulfills both its "duty

to act as a fiduciary who must serve as a guardian of the rights of absent class members

and ... the requirement of a searching assessment regarding attorneys' fees that should

properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and*

*Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

"Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013). Unlike ordinary settlements, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. *Id.* "[T]hus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." *Id.*

As a preliminary matter, the Court must ensure that the class certification criteria have been met. This case is a nationwide class action and the Court must consider the varying state laws that may apply and ensure that predominance is not defeated.

> Rule 23 "does not set forth a mere pleading standard." *Comcast*, 569 U.S. at 33, 133 S.Ct. 1426. The plaintiff seeking class certification bears the burden of demonstrating that all the requirements of Rule 23 have been met. *See Zinser*, 253 F.3d at 1188. This requirement means that the plaintiff must first demonstrate through evidentiary proof that the class meets the prerequisites of Rule 23(a), which provides that class certification is proper only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also Comcast*, 569 U.S. at 33, 133 S.Ct. 1426. The Rule 23(a) prerequisites "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Dukes*, 564 U.S. at 349, 131 S.Ct. 2541 (internal quotation marks omitted). To meet the commonality requirement of Rule 23(a)(2), the plaintiffs' claims "must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350, 131 S.Ct. 2541.

After carrying its burden of satisfying Rule 23(a)'s prerequisites, the plaintiff must establish that the class meets the prerequisites of at least one of the three types of class actions set forth in Rule 23(b). Fed. R. Civ. P. 23(b); *Comcast*, 569 U.S. at 33, 133 S.Ct. 1426. Here, the district court certified the class under Rule 23(b)(3), which provides that a class action may be maintained only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," and which lists a number of matters "pertinent to these findings." Fed. R. Civ. P. 23(b)(3).[2]

The Rule 23(b)(3) predominance inquiry is "far more demanding" than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). The "presence of commonality alone is not sufficient to fulfill Rule 23(b)(3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Rather, a court has a "duty to take a close look at whether common questions predominate over individual ones," and ensure that individual questions do not "overwhelm questions common to the class." *Comcast*, 569 U.S. at 34, 133 S.Ct. 1426 (internal quotation marks omitted). In short, "[t]he main concern of the predominance inquiry under Rule 23(b)(3) is the balance between individual and common issues." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 545–46 (9th Cir. 2013) (internal quotation marks omitted).

Where plaintiffs bring a nationwide class action under CAFA and invoke Rule 23(b)(3), a court must consider the impact of potentially varying state laws, because "[i]n a multi-state class action, variations in state law may swamp any common issues and defeat predominance." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996). "Variations in state law do not necessarily preclude a 23(b)(3) action." *Hanlon*, 150 F.3d at 1022. For instance, even when some class members "possess slightly differing remedies based on state statute or common law," there may still be "sufficient common issues to warrant a class action." *Id.* at 1022–23; *see also Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 301–02 (3d Cir. 2011) (discussing the "pragmatic response to certifications of common claims arising under varying state laws," and citing a case that affirmed "the district court's decision to subsume the relatively minor differences in state law within a single class" as illustrative) (citing *In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 315 (3d Cir. 1998)); *In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) (noting that even though "state laws may differ in ways that could prevent class treatment if they supplied the principal theories of recovery," class representatives in that case met the predominance requirement in part by limiting "their theories to federal law plus aspects of state law that are uniform"). On the other hand, where "the consumer-protection laws of the affected States vary in material ways, no common legal issues favor a class-

action approach to resolving [a] dispute." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011).

In determining whether predominance is defeated by variations in state law, we proceed through several steps. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590 (9th Cir. 2012). First, the class action proponent must establish that the forum state's substantive law may be constitutionally applied to the claims of a nationwide class. *Id.* at 589–90.[3] If the forum state's law meets this requirement, the district court must use the forum state's choice of law rules to determine whether the forum state's law or the law of multiple states apply to the claims. *Id.* at 590. "[I]f the forum state's choice-of-law rules require the application of only one state's laws to the entire class, then the representation of multiple states within the class does not pose a barrier to class certification." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 141 (2d Cir. 2015). But if class claims "will require adjudication under the laws of multiple states," *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 922, 103 Cal.Rptr.2d 320, 15 P.3d 1071 (2001), then the court must determine whether common questions will predominate over individual issues and whether litigation of a nationwide class may be managed fairly and efficiently. *Id.* As with any other requirement of Rule 23, plaintiffs seeking class certification bear the burden of demonstrating through evidentiary proof that the laws of the affected states do not vary in material ways that preclude a finding that common legal issues predominate. *See Castano*, 84 F.3d at 741 (indicating that class action proponents must show that variations in state laws will not affect predominance; "[a] court cannot accept such an assertion on faith.") (quoting *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986) (Ruth Bader Ginsburg, J.)).

*In re Hyundai and Kia Fuel Econ. Litig.*, 881 F.3d 679, 690-691 (9th Cir. 2018).

Settlement funds belong to class members and should be delivered to them to the extent possible. *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015). The settlement is unfair and unreasonable for class members because funds may go to an unknown *cy pres* recipient. "Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible 'only when it is not feasible to make further distributions to class members' .... except where an additional distribution would provide a windfall to class members with *liquidated-*damages claims that were 100 percent satisfied by the initial distribution." *In re*

*BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015). The Court should order the parties to further distribute the funds to the class before sending any money to a *cy pres* recipient.

"[U]nless the amount of funds to be distributed *cy pres* is de minimis, the district court should make a *cy pres* proposal publicly available and allow class members to object or suggest alternative recipients before the court selects a *cy pres* recipient. This gives class members a voice in choosing a 'next best' third party and minimizes any appearance of judicial overreaching. *In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1066 (8th Cir. 2015). As the *cy pres* distribution is unknown at this point and could be more than *de minimus*, the court must order the parties to determine the *cy pres* recipient and send out new notice to allow class members to voice their concerns before the Court approves a *cy pres* recipient.

If the Court must designate a *cy pres* recipient, the Court must ensure that the recipient is appropriate. "The cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the "next best" class of beneficiaries. See *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307–08 (9th Cir.1990). *Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). If the court determines that any portion of the class fund should go to third parties, the court should order that it goes to non-profit organization that closely aligns with the underlying claims of the class action.

When awarding attorneys' fees in a class action, the district court has "an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). This Court should reduce the attorney's fees to 25 percent of what the class will *actually* recover. This Court should not award the entire $2.95 million for attorney's fees unless class members will actually receive the entire common fund. The Court should also compare the lodestar compared to the percentage awarded to determine the reasonableness of the fee request.

It is imperative that the Court thoroughly review the attorney fee records to determine if the fees are reasonable. The Court should closely analyze the potential duplicate efforts of counsel and the level of detail provided in the fee motion and adjust the award accordingly. The Court should request attorney fee records that, at a minimum, show how much time was spent in the various aspects of litigation. The Court must know the breakdown of the hours to determine if this amount is reasonable. The Court should also ensure that the rates requested are reasonable within this district.

The Court should also evaluate the settlement for any potential collusion between class counsel and defendant. The Court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self interests … to infect the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Rather than explicit collusion, there need only be acquiescence for such self-dealing to occur: "a defendant is interested only in disposing of the total claim asserted against it" and "the allocation between the class payment and the attorneys' fees is of little or no interest to the defense." *Id.* at 949 (quoting *Staton v.*

*Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) and *In re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 819-20 (3d Cir. 1995).

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor I intend to appear at the Fairness Hearing.

<u>Conclusion</u>

In conclusion, this Objector respectfully asks this Court to reject this settlement based upon the above objections.

_____
Steve Kron, Objector

Dated: August 31, 2018
      Hialeah, Florida

                          STEPHEN D. FIELD, P.A.

By:    */s/ Stephen D. Field*
            _____
            STEPHEN D. FIELD, ESQ.
            Florida Bar No. 554111
            Email: steve@field-law.com
            102 E 49th Street
            Hialeah, FL 33013
            Telephone: (305) 698-3421
            Direct Line: (305) 798-1335
            Facsimile: (305) 698-1930
            *Attorney for Objector Stephen Kron*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on August 31, 2018 and served by the same means on all counsel of record.

By:    */s/ Stephen D. Field*
            _____

| HOME | FAQS | DOCUMENTS | CONTACT |

# On-Line Claim Form

Submit a claim for the Schreiber v. Ally Financial, Inc.

Your claim has successfully been submitted.

Your claim number is: **#WCF0006194**

Please save this number for your records.

Please note that if you entered an email address on your claim you will not receive a confirmation email.

This website is authorized by the Court, supervised by counsel and controlled by the Claims Administrator approved by the Court. This is the only authorized website for this case.

For more information please call 844-702-2784

### Important Dates

**Exclusion Deadline.**
**Friday, August 31, 2018**

You must complete and mail your request for exclusion so that it is postmarked no later than Friday, August 31, 2018.

**Objection Deadline.**
**Friday, August 31, 2018**

You must mail your objection(s) and/or notice of intent to appear at the Final Approval Hearing so that it/they are postmarked no later than Friday, August 31, 2018.

**Final Approval Hearing Date.**
**Thursday, October 11, 2018**

The Final Approval Hearing is scheduled for Thursday, October 11, 2018. Please check this website for updates.

### Important Documents

Summons and Complaint_Schreiber v Ally
(http://www.dealerfeesettlement.com/DocumentHandler.ashx?
DocPath=/Documents/001_Summons_and_Complaint_06_09_14_DMEAST_19229451_1_.PDF)
(PDF: 2.4 MB)

1st Amended Complaint_Schreiber v Ally
(http://www.dealerfeesettlement.com/DocumentHandler.ashx?
DocPath=/Documents/14_cv_22069_1st_Amended_Complaint_Schreiber_v_Ally_Financial.pdf)
(PDF: 3.6 MB)

Settlement Agreement_Schreiber v Ally (http://www.dealerfeesettlement.com/DocumentHandler.ashx?
DocPath=/Documents/Schreiber_Settlement_Final_Execution_Version_with_Exhibits_WITH_SIGNA_.p
(PDF: 1.4 MB)

Order Preliminarily Approving Class Settlement_Schreiber v Ally
(http://www.dealerfeesettlement.com/DocumentHandler.ashx?
DocPath=/Documents/Schreiber_Motion_Granting_Preliminary_Approval.pdf)
(PDF: 179.2 kB)

Long Form Notice (http://www.dealerfeesettlement.com/DocumentHandler.ashx?
DocPath=/Documents/Schreiber_LongForm_7_5_18.pdf)
(PDF: 141.8 kB)

Claim Form (http://www.dealerfeesettlement.com/DocumentHandler.ashx?
DocPath=/Documents/Schreiber_ClaimForm_website.pdf)
(PDF: 140.9 kB)

## Having Trouble?

Having trouble opening .pdf files? You can download    Acrobat Reader
(http://get.adobe.com/reader/) for free from www.adobe.com
(http://www.adobe.com/reader).

Copyright © 2018 Heffler Claims Group - All Rights Reserved. This site designed and developed by Heffler Claims
Group - Privacy Policy (http://www.hefflerclaims.com/privacy_policy.html)

Schreiber v. Ally Financial, Inc.
c/o Claims Administrator
P.O. Box 7528
Philadelphia, PA 19101-7528

Presorted
First-Class Mail
US Postage
**PAID**
Lansdale, PA
Permit No. 491



Class Member ID: 309792SWF100J

T1009   PI ******************AUTO**ALL FOR AADC 926   219488
STEPHEN KRON
PO BOX 7015
LAGUNA NIGUEL CA 92607-7015

Class Member ID: 309792SWF100J

<table>
<tr><td>For Office Use Only</td><td>CLASS ACTION CLAIM FORM</td><td>For Office Use Only</td></tr>
</table>

PLEASE FULLY COMPLETE THIS CLAIM FORM AND SIGN IT BELOW. INCOMPLETE CLAIM FORMS WILL BE DEEMED INVALID AND THE CLAIM MAY BE DENIED. IF MORE THAN ONE PERSON IS A LESSEE ON THE ALLY LEASE, THEN ALL NAMED LESSEES MUST COMPLETE AND SIGN THIS CLAIM FORM.

THIS COMPLETED FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR SO THAT IT IS POSTMARKED OR SUBMITTED ONLINE NO LATER THAN 90 DAYS AFTER THE EFFECTIVE DATE OF THE SETTLEMENT, AS DEFINED IN PARAGRAPH 2(N) OF THE SETTLEMENT AGREEMENT.

## TO BE COMPLETED BY YOU:

**Name:** _____
First Name                    M.I.        Last Name

**Street Address:** _____

**City:** _____

**State:** ___ ___        **Zip Code:** ___ ___ ___ ___ ___ - ___ ___ ___ ___ (zip4 optional)

**Email:** _____ @ _____

**Telephone Number (Home):** ( ___ ___ ___ ) - ___ ___ ___ - ___ ___ ___ ___

**Telephone Number (Cell):** ( ___ ___ ___ ) - ___ ___ ___ - ___ ___ ___ ___

## You must also provide ONE of the following:

| 1.  A buyer's order, itemized invoice, or retail installment sales contract related to the purchase of the leased vehicle that identifies the documentary, dealer or similar fee that was charged, and the amount of that fee. |  OR | 2.  Indicate below that you believe you were charged a documentary, dealer or similar fee in connection with the purchase of the leased vehicle, and you request that the Claims Administrator make a reasonable search of available records to locate documentation of the fee. |




Class Member ID: 309792SWF100J

1) During the period from June 4, 2009 through June 18, 2018, I leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial, Inc., and I exercised my right to purchase the leased vehicle under the purchase option provision in the lease;

2) I believe I was charged a documentary, dealer or similar fee in connection with my purchase of the leased vehicle, and that fee has not been refunded; and

3) **Check ONE:**

   a._____   I am enclosing documentation showing that I was charged a fee;

   *OR*

   b._____   I believe I was charged a fee, and I request that the Claims Administrator make a reasonable search of available records to locate documentation of the fee.

4) Since my purchase of the vehicle, my claim against Ally Financial Inc. has not been compromised or discharged in bankruptcy.

The information provided by me on this Claim Form is true and correct.

Date: _____, 2018.

_____          _____
**(Signature of Claimant)**                              Last Four Digits of Social Security No.

_____          _____
**(Signature of Co-Claimant)**                        Last Four Digits of Social Security No.




Schreiber v. Ally Financial, Inc.
c/o Claims Administrator
P.O. Box 7528
Philadelphia, PA 19101-7528

Presorted
First-Class Mail
US Postage
**PAID**
Lansdale, PA
Permit No. 491

 Class Member ID: 30979095BRG04 

T1009   P1 *****************AUTO**ALL FOR AADC 926   219490
KRON INTERIORS INC
STEPHEN KRON
PO BOX 7015
LAGUNA NIGUEL CA 92607-7015

Class Member ID: 30979095BRG04

| For Office Use Only | | For Office Use Only |
|---|---|---|

# CLASS ACTION CLAIM FORM

PLEASE FULLY COMPLETE THIS CLAIM FORM AND SIGN IT BELOW. INCOMPLETE CLAIM FORMS WILL BE DEEMED INVALID AND THE CLAIM MAY BE DENIED. IF MORE THAN ONE PERSON IS A LESSEE ON THE ALLY LEASE, THEN ALL NAMED LESSEES MUST COMPLETE AND SIGN THIS CLAIM FORM.

THIS COMPLETED FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR SO THAT IT IS POSTMARKED OR SUBMITTED ONLINE NO LATER THAN 90 DAYS AFTER THE EFFECTIVE DATE OF THE SETTLEMENT, AS DEFINED IN PARAGRAPH 2(N) OF THE SETTLEMENT AGREEMENT.

## TO BE COMPLETED BY YOU:

**Name:** _____  _____  _____
First Name                          M.I.        Last Name

**Street Address:** _____

**City:** _____

**State:** ____  ____     **Zip Code:** ___ ___ ___ ___ ___ - ___ ___ ___ ___ (zip4 optional)

**Email:** _____ @ _____

**Telephone Number (Home):** ( ___ ___ ___ ) - ___ ___ ___ - ___ ___ ___ ___

**Telephone Number (Cell):** ( ___ ___ ___ ) - ___ ___ ___ - ___ ___ ___ ___

## You must also provide ONE of the following:

1. A buyer's order, itemized invoice, or retail installment sales contract related to the purchase of the leased vehicle that identifies the documentary, dealer or similar fee that was charged, and the amount of that fee.

 *OR*

2. Indicate below that you believe you were charged a documentary, dealer or similar fee in connection with the purchase of the leased vehicle, and you request that the Claims Administrator make a reasonable search of available records to locate documentation of the fee.


30979


CF



Class Member ID: 30979095BRG04

1)   During the period from June 4, 2009 through June 18, 2018, I leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial, Inc., and I exercised my right to purchase the leased vehicle under the purchase option provision in the lease;

2)   I believe I was charged a documentary, dealer or similar fee in connection with my purchase of the leased vehicle, and that fee has not been refunded; and

3)   **Check ONE:**

a. _____   I am enclosing documentation showing that I was charged a fee;

*OR*

b. _____   I believe I was charged a fee, and I request that the Claims Administrator make a reasonable search of available records to locate documentation of the fee.

4)   Since my purchase of the vehicle, my claim against Ally Financial Inc. has not been compromised or discharged in bankruptcy.

The information provided by me on this Claim Form is true and correct.

Date: _____, 2018.

_____

**(Signature of Claimant)**                           Last Four Digits of Social Security No.

_____

**(Signature of Co-Claimant)**                        Last Four Digits of Social Security No.

30979



CF



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| ROBERT A. SCHREIBER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) Civil Action No. 1:14-cv-22069 |
| ALLY FINANCIAL INC., *et al.*, | ) ) ) |
| Defendant. | ) ) |

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT. PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED. YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT.**

This is an important notice from the United States District Court for the Southern District of Florida (the "Court") regarding a proposed class action settlement and upcoming hearing in the above-referenced class action lawsuit that may affect your rights. This notice is being sent to you because you have been identified as a Settlement Class Member in this lawsuit and **therefore may be entitled to money under the proposed Settlement. IN ORDER TO RECEIVE COMPENSATION FROM THIS SETTLEMENT IF YOU ARE ELIGIBLE, YOU MUST SUBMIT A CLAIM FORM OR COMPLETE AN ONLINE CLAIM FORM NO LATER THAN 90 DAYS AFTER THE EFFECTIVE DATE OF THE SETTLEMENT,** as defined in Paragraph 2(n) of the Settlement Agreement.

## I.   BACKGROUND AND SUMMARY OF LITIGATION

This class action lawsuit alleges that Defendant Ally Financial Inc. ("Ally") violated the legal rights of consumers by charging or permitting dealerships to charge impermissible documentary or dealer fees in connection with lease-end vehicle purchases pursuant to purchase option provisions in consumers' leases. Ally denies that it has acted unlawfully, but has agreed to enter into this Settlement to resolve these allegations.

The Court has preliminarily approved the Settlement and has certified the following class for settlement purposes:

> All persons nationwide who leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. (or a predecessor in interest or affiliated company, including General Motors Acceptance Corporation, GMAC LLC, GMAC Inc., GMAC Automotive Bank, Ally Bank, Ally Bank Lease Trust or Ally Financial Lease Trust), and who subsequently purchased the leased vehicle between June 4, 2009 and June

18, 2018 pursuant to the purchase option provision in the SmartLease Agreement and were required to pay a documentary, dealer, or similar fee not disclosed in the SmartLease Agreement when purchasing the vehicle (the "Settlement Class").

## II.    SUMMARY OF THE PROPOSED SETTLEMENT

The Court preliminarily certified the Settlement Class and preliminarily approved the settlement on June 18, 2018. The Settlement Agreement provides for the following relief:

Ally has agreed to pay each Settlement Class Member who timely returns a completed Claim Form and all necessary documentation ("Claimant") a Settlement Payment up to **one hundred percent (100%)** of the documentary, dealer, or similar fee that was charged in connection with the lease-end purchase pursuant to the purchase option provision in his/her SmartLease Agreement during the time period from June 4, 2009 through June 18, 2018. Settlement Payments are expected to be mailed within 180 days after the effective date of the settlement.

A Claim Form is enclosed with this Notice of Class Action Settlement, and additional copies may be obtained on the Settlement Website at www.dealerfeesettlement.com. Alternatively, an online version of the claim form may be completed on the Settlement Website. In order to receive compensation from this Settlement, if you are eligible, YOU MUST SUBMIT A CLAIM FORM OR COMPLETE AN ONLINE CLAIM FORM NO LATER THAN 90 DAYS AFTER THE EFFECTIVE DATE OF THE SETTLEMENT, as defined in Paragraph 2(n) of the Settlement Agreement.

Claimants will have 180 days from the date settlement checks are issued to cash their settlement check (the "Payment Period"). Any funds from checks that remain uncashed following the Payment Period will be paid to an entity approved by the Court.

During the Class Period, total estimated amount of documentary or dealer fees charged to Settlement Class Members, based on an analysis of a statistically significant sample of accounts with documentation containing information establishing that such fees were charged, was approximately $19,717,222 (the "Settlement Value"). This is the value of the Settlement if all Settlement Class Members submit timely Claim Forms. Pursuant to this Settlement, Ally will make the full amount of the Settlement Value available to Settlement Class Members, inclusive of any attorneys' fees and costs. Subject to the Court's approval, Ally has agreed to pay Class Counsel's attorneys' fees in an amount up to $2,950,000. The Settlement Value is exclusive of and an addition to all fees and costs paid to the Claims Administrator.

## III.    INSTRUCTIONS FOR FILLING OUT A CLAIM FORM

If you purchased your leased vehicle pursuant to the purchase option provision in your SmartLease Agreement, and were charged a documentary, dealer, or other similar fee between June 4, 2009 and June 18, 2018, you may be entitled to payment.

2

Questions? Call 1-844-702-2784, or visit www.dealerfeesettlement.com

If you are entitled and wish to make a claim for settlement relief, you *must* complete the Enclosed Class Action Claim Form ("Claim Form") and submit it to the Claims Administrator or complete the online version of the Claim Form. The deadline to submit a completed Claim Form is 90 days after the effective date of the settlement, as defined in Paragraph 2(n) of the Settlement Agreement. You may submit your completed Claim Form in one of the following ways:

    i.    Mail it to: Schreiber v. Ally Financial, Inc., c/o Claims Administrator, P.O. Box 7528, Philadelphia, PA 19101-7528, with a postmark no later than 90 days after the effective date of the settlement, as defined in Paragraph 2(n) of the Settlement Agreement or, if a private mail carrier is used, a label reflecting that the mail date is no later than the Claim Deadline.

    ii.    Upload it to the Settlement Website at: www.dealerfeesettlement.com.

    iii.    Complete the online version of the claim form at www.dealerfeesettlement.com.

If you fail to submit your completed Claim Form by the Claim Deadline, you will not be able to obtain a settlement credit or payment.

In addition to completely filling out all requested information and signing the Claim Form, in order to receive a payment of Settlement Relief, you must either:

    i.    Provide documentation, such as a retail installment sales contract, buyer's order, or other itemized invoice or documentation, confirming that a documentary, dealer or similar fee was charged, and the amount of the fee; or

    ii.    Indicate that you believe you were charged a documentary, dealer, or similar fee, and request that the Claims Administrator conduct a reasonable search of records provided by Class Counsel and/or Ally for a Fee Document (as defined in the Settlement Agreement and Release).

PLEASE NOTE that Ally and Class Counsel do not have fee documentation for all class members, and therefore, the Claims Administrator may not be able to locate this documentation for you through a reasonable search of the records. If no documentation is submitted with your claim form, and if the Claims Administrator cannot locate documentation for you, you will not receive a settlement payment.

Once you return your completed Claim Form, your claim will be reviewed by the Claims Administrator. Subject to the audit of claims, if your Claim Form is properly completed, affirmed, and where appropriately verified, and the Claims Administrator determines that your claim is valid, you will receive your settlement relief, subject to final approval by the Court.

Ally may separately audit or review Claim Forms submitted by Claimants. Any such audit may include a computerized search for any bankruptcy filings in United States District Bankruptcy Court pertaining to the Claimant(s) filed after the Claimant(s) purchased the leased vehicle.

If you have any questions or would like further information about the terms of the settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for settlement relief, you may visit www.dealerfeesettlement.com, call us toll-free at 1-844-702-2784,

3

Questions? Call 1-844-702-2784, or visit www.dealerfeesettlement.com

or write to: Schreiber v. Ally Financial, Inc., c/o Claims Administrator, P.O. Box 7528, Philadelphia, PA 19101-7528.

## IV.   Release of Claims

In exchange for the monetary and injunctive relief provided by the settlement, all Settlement Class Members who do not timely exclude themselves by opting out of the settlement will release Ally, including each and all of its respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of its respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives (collectively, the "Released Parties"), from all claims asserted against Ally in the action, *Schreiber v. Ally Financial, Inc.*, Civ. Act. No. 1:14-cv-22069 (S.D. Fla.) (the "Action"), and any related claims which could be asserted against Ally in connection with documentary or dealer fees charged in connection with a lease end purchase of a leased vehicle pursuant to the purchase option provision of leases assigned to or serviced by Ally (or its affiliates) during the Class Period, based upon the allegations set forth in the complaint filed in the Action (including, without limitation, claims for breach of contract and violation of the Consumer Leasing Act) ("Released Claims").

The Settlement Agreement describes the Class Release as follows:

Subject to the approval of the Court and in consideration of the benefits inuring to the Plaintiff and the Settlement Class Members hereto, upon entry of the Final Approval Order, the Plaintiff and each Settlement Class Member and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement. The Plaintiff and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

The Class Release does not apply to any dealership that allegedly improperly charged a documentary, dealer or other improper fee in connection with a lease-end purchase. Instead, each Settlement Class Member that receives a Settlement Payment assigns to Ally any and all claims the Settlement Class Member has or may have against the dealership that charged the allegedly impermissible documentary or dealer fee arising from or related to that fee. Ally reserves the right to pursue those claims and/or seek indemnification from such dealerships. In the event Ally pursues a Settlement Class Member's claims against a dealership, Ally further agrees to indemnify Settlement Class Members from any claims, counterclaims, or third party claims asserted by the dealership against a Settlement Class Member in that action to the extent the dealership's claims,

4

counterclaims or third party claims arise from or relate to the allegedly impermissible documentary or dealer fee.

If the proposed settlement is approved by the Court, a judgment will be entered by the Court following the Final Approval Hearing, which will dismiss with prejudice the Released Claims as set forth above. This release will not apply to any Settlement Class Members who timely opt out of the Class.

## V.    Your Legal Rights and Options

**In order to receive monetary relief from this Settlement, YOU MUST RETURN A COMPLETED COPY OF THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR OR COMPLETE AN ONLINE VERSION OF THE CLAIM FORM NO LATER THAN 90 DAYS AFTER THE EFFECTIVE DATE OF THE SETTLEMENT, AS DEFINED IN PARAGRAPH 2(N) OF THE SETTLEMENT AGREEMENT.**

If you do not wish to participate in this Settlement, and want to be excluded from the Settlement Class, you must send a letter to the Claims Administrator at the address above, postmarked no later than AUGUST 31, 2018, requesting exclusion from the settlement ("opt-out"). Your written request for exclusion must contain your name, address, telephone number and email address, and be personally signed by you. No opt out request may be made on behalf of a group of Settlement Class Members. Any Settlement Class Member who requests exclusion from (opts out of) the Settlement will not be bound by the Settlement Agreement, and will not have any right to object, appeal or comment thereon. If you exclude yourself, you will not receive any compensation under the Settlement, but you will keep your right to sue Ally on your own and at your expense.

If you wish to object to the Settlement, you must file a written objection with the Clerk of Court, and mail your objection (with the requisite postmark) to Class Counsel and Defense Counsel no later than AUGUST 31, 2018. The address for Class Counsel is provided below in Section VII. The address for Defense Counsel is:

Christopher J. Willis
BALLARD SPAHR, LLP
999 Peachtree St., NE, Suite 1000
Atlanta, Georgia 30309

The Notice of Objection must include (a) the case name and number; (b) your name, address, telephone number, and email address (c) the basis for the objection; (d) a statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel; and (e) be personally signed by you. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. If you object to the Settlement, you will remain a Settlement Class Member, and will be bound by the terms of the Settlement and the release specified above, if the Court grants final approval to the Settlement.

## VI.    The Final Approval Hearing

On October 11, 2018, at 10:00am, before the Honorable Darrin P. Gayles, in the United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, the Court will hold a Final Approval Hearing to determine whether to grant final approval to the Settlement and determine the appropriate amount of attorneys' fees and costs to award to counsel for the Settlement Class and any service award to the Named Plaintiff. You may attend this hearing but are not required to do so. You may also enter an appearance in the case through your own attorney, at your own expense, if you so desire.

You may review a copy of the Settlement Agreement and other documents that are relevant to this case, including Class Counsel's application for attorneys' fees and costs (when it is filed), at the Settlement Website, www.dealerfeesettlement.com. You may also review a copy of the Settlement Agreement at the Clerk's Office at the U.S. District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128.

## VII.    How to Obtain Additional Information

This Notice of Class Action Settlement provides a summary of the proposed Settlement Agreement. If you have any questions concerning this Settlement, you should visit the Settlement Website, www.dealerfeesettlement.com. If you have further questions after visiting the Settlement Website, or need any assistance in completing the Claim Form, you may call the Claims Administrator at 1-844-702-2784, or mail or email your inquiry to the Claims Administrator at the address below:

> Schreiber v. Ally Financial, Inc.
> c/o Claims Administrator
> P.O. Box 7528
> Philadelphia, PA 19101-7528
> Email: info@DealerFeeSettlement.com

You may also contact Class Counsel directly, as follows:

Matthew P. Weinshall
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Ave, Suite 2700
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382

Dan Alberstone
BARON & BUDD P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818)839-2333
Facsimile: (818)986-9698

## PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS

6

Questions? Call 1-844-702-2784, or visit www.dealerfeesettlement.com

## I.   HOW TO MAKE A CLAIM FOR SETTLEMENT RELIEF

### a.   Eligibility for Relief

If you purchased your leased vehicle pursuant to the purchase option provision in your SmartLease Agreement, and were charged a documentary, dealer, or similar fee between June 4, 2009 and June 18, 2018, you may be entitled to payment in the amount of the fee that was charged ("Settlement Relief").

### b.   How to Make a Claim for Settlement Relief

If you are entitled and wish to make a claim for Settlement Relief, you **must** complete the Enclosed Class Action Claim Form ("Claim Form") and submit it to Claims Administrator or complete an online version of the Claim Form.   The deadline to submit a completed Claim Form is 90 days after the effective date of the settlement, as defined in Paragraph 2(n) of the Settlement Agreement. You may submit your completed Claim Form in one of the following ways:

i.   Mail it to:  Schreiber v. Ally Financial, Inc., c/o Claims Administrator, P.O. Box 7528, Philadelphia, PA 19101-7528, with a postmark no later than 90 days after the effective date of the settlement, as defined in Paragraph 2(n) of the Settlement Agreement or, if a private mail carrier is used, a label reflecting that the mail date is no later than the Claim Deadline.

ii.   Upload it to the Settlement Website at:  www.dealerfeesettlement.com

iii.   Complete the online version of the Claim Form at: www.dealerfeesettlement.com

If you fail to submit your Claim Form as required by these Instructions, you will not be able to obtain a Settlement Payment.

### c.   Affirmations and Verification of Your Claim

Your Claim Form must be completely filled out and signed in order to receive payment in the amount of Settlement Relief.  In addition, to receive a payment of Settlement Relief, you must either:

i.   Provide documentation, such as a retail installment sales contract, buyer's order, or other itemized invoice or documentation, confirming that a documentary, dealer or similar fee was charged, and the amount of the fee (if the documentation is dated more than thirty days after the day of the transaction, you must also provide an explanation for the date of the documentation); or

ii.   Indicate that you believe you were charged a documentary, dealer or similar fee, and request that the Claims Administrator conduct a reasonable search of records provided by Class Counsel and/or Ally for a Fee Document (as defined in the Settlement Agreement and Release).

PLEASE NOTE that Ally and Class Counsel do not have fee documentation for all class members, and therefore, the Claims Administrator may not be able to locate this documentation for you.  If no documentation

is submitted with your Claim Form, and if the Claims Administrator cannot locate documentation for you through a reasonable search of available records, you will not receive a Settlement Payment.

### d.   Review of Your Claim

Once you return your completed Claim Form, your claim will be reviewed by the Claims Administrator. Subject to the audit of claims, if your Claim Form is properly completed and the Claims Administrator determines that your claim is valid, you will receive a Settlement Payment, as set forth in the Settlement Agreement and Release, subject to final approval by the Court. Settlement Payments are expected to be mailed within 180 days after the effective date of the settlement.

### e.   Audit of Claim Forms

Ally may separately audit or review Claim Forms submitted by Claimants. Any such audit may include a computerized search for any bankruptcy filings in United States District Bankruptcy Court pertaining to the Claimant(s) filed after the Claimant(s) purchased the leased vehicle.

## II.   IF YOU NEED FURTHER INFORMATION

If you have any questions or would like further information about the terms of the settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for Settlement Relief, you may visit www.dealerfeesettlement.com, call us toll-free at 1-844-702-2784, or write to: Schreiber v. Ally Financial, Inc., c/o Claims Administrator, P.O. Box 7528, Philadelphia, PA 19101-7528.

# LEASE AGREEMENT
## GMAC SmartLease® — Monthly Payment

| LESSEE (and CO-LESSEE) ("You") name and address, including county | LESSOR (Retailer) |
|---|---|
| KRON INTERIORS, INC.<br>STEPHEN A KRON<br>30131 TOWN CENTER DR #195<br>LAGUNA NIGUEL CA 92677 ORANGE | TUSTIN CARS, INC.<br>50 AUTO CENTER DRIVE<br>TUSTIN CA 92782 |

**CO-LESSEE'S SIGNATURE X** _[signature]_

This is an agreement to lease a vehicle. This is not a purchase agreement. You are not buying the vehicle. By signing this lease, you agree to everything on the front and back.
"We," "us," and "our" refer to Lessor named above and any assignee. An "assignee" is a person to whom this lease is assigned ("if it is assigned).

☐ If this box is checked, Lessor (Retailer) will assign this lease and sell the vehicle to General Motors Acceptance Corporation ("GMAC").
☐X If this box is checked, GMAC helped to arrange this lease and Lessor (Retailer) will assign it and sell the vehicle to Central Originating Lease Trust.
☐ If this box is checked, Lessor (Retailer) intends not to assign this lease.

| New/Used | Year | Make & Model | Body Style | Vehicle ID # | Mileage | License # | Primary Use |
|---|---|---|---|---|---|---|---|
| NEW | 2007 | CADILLAC TRUCK ESCALADE | E 4DR SUV | | 10 | 5535 | ☐X Personal, Family, or Household<br>☐ Commercial, Business, or Agricultural<br>☐ Public Conveyance |
| Dealer Installed Options: | | 22" WHEELS/TIRES | | | | GVW (if truck) | |

### FEDERAL CONSUMER LEASING ACT DISCLOSURES
### THE VEHICLE YOU ARE LEASING

| 1. Amount Due at Lease Signing or Delivery (Itemized Below) | 2. Monthly Payments | 3. Other Charges (not part of your monthly payment) | 4. Total of Payments (The amount you will have paid by the end of the lease.) |
|---|---|---|---|
| $ 6645.00 | Your first monthly payment of $ 974.45 is due on 11/24/2006, followed by 35 payments of $ 974.45 due on the 24th of each month. The total of your monthly payments is $ 35010.20 | Disposition fee (if you do not purchase the vehicle) $ N/A Total $ N/A | $ 40750.75 |

*Itemization of Amount Due at Lease Signing or Delivery

| 5. Amount Due at Lease Signing or Delivery: | 6. How the Amount Due at Lease Signing or Delivery will be paid: |
|---|---|
| a. Capitalized cost reduction ........... $ 4504.05 | a. Net trade-in allowance $ 4500.00 |
| b. First monthly payment ................ $ 974.45 | b. Rebates and noncash credits $ 2145.00 |
| c. Refundable security deposit ......... $ N/A | c. Amount to be paid in cash $ N/A |
| d. Title fees .............................. $ N/A | |
| e. Registration fees .. (646.00)/ELEC. FILING(28.00) $ 674.00 | |
| f. Sales/use tax ......................... $ 350.75 | d. Total $ |
| g. CA TIRE FEE ......................... $ 8.75 | |
| h. N/A ..................................... $ N/A | |
| i. /DOC FEE ............................. $ 45.00 | |
| j. Total .................................. $ 6645.00 | Total $ 6645.00 |

7. Your monthly payment is determined as shown below:

| | |
|---|---|
| a. **Gross capitalized cost.** The agreed upon value of the vehicle ($ 65331.23) and any items you pay for over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) ........... | $ 65581.23 |
| b. **Capitalized cost reduction.** The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the gross capitalized cost ........... | $ 4584.05 |
| c. **Adjusted capitalized cost.** The amount used in calculating your base monthly payment ........... | $ 61997.18 |
| d. **Residual value.** The value of the vehicle at the end of the lease used in calculating your base monthly payment ........... | $ 39226.05 |
| e. **Depreciation and any amortized amounts.** The amount charged for the vehicle's decline in value through normal use and for other items paid over the lease term. | $ 22771.13 |

**f. Rent.** The amount charged in addition to the depreciation and any amortized amounts.
**g. Total** of base monthly **payments.** The depreciation, and any amortized amounts plus the rent charge.

8. **Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of _____ miles per year at the rate of $ __0.25__ per mile.

9. **Purchase Option at End of Lease Term.** You have an option to buy the vehicle at the end of the lease term for $ __39726.05__, plus official fees and taxes.

10. **Other Important Terms.** See your lease documents for additional information on early termination, purchase options, warranties, late and default charges, and insurance.

---

**11. ITEMIZATION OF GROSS CAPITALIZED COST.**

a. Agreed upon value of the vehicle as equipped at lease signing ........ $ __65391.23__

b. Agreed upon value of accessories or optional equipment that Lessor agrees to add to the vehicle after lease signing

| | | |
|---|---|---|
| (Describe) | | $ __N/A__ |
| (Describe) | + | __N/A__ |
| (Describe) | + | __N/A__ |
| c. GMAC administrative fee | + | __595.00__ |
| d. License/registration/title fees | + | __N/A__ |
| e. Sales tax | + | __N/A__ |
| f. Other tax (describe) __N/A__ | + | __N/A__ |
| g. Optional service contract (describe) | + | __N/A__ |
| h. Optional service contract (describe) | + | __N/A__ |
| i. Optional service contract (describe) | + | __N/A__ |
| j. Optional life insurance | + | __N/A__ |
| k. Optional disability insurance | + | __N/A__ |
| l. __N/A__ | + | __N/A__ |
| m. __N/A__ | + | __N/A__ |

n. Gross Capitalized Cost ........ = $ __66581.23__

**12. THE VEHICLE YOU ARE TRADING.** __2002__ __CADILLAC TRUCK ESCALADE__
(year)  (make)  (model)

Gross Trade-in value ........ $ __245000.00__
Payoff ........ – __200000.00__
Net trade-in value ........ = $ __45000.00__

**13. OFFICIAL FEES AND TAXES.** You will pay all government license/title, registration, testing, and inspection fees for the vehicle. You will pay all taxes on the lease or the vehicle that the government levies on you, the vehicle, or us (except our net income taxes). We may change your monthly payment or bill you separately for official fees and taxes.

**TOTAL ESTIMATED FEES AND TAXES YOU MUST PAY DURING LEASE.** $ __5038.78__
The actual total of fees and taxes may be higher or lower depending on tax rates in effect or the vehicle value when a fee or tax is assessed.

| | |
|---|---|
| a. Title/lien fees | $ __N/A__ |
| b. Registration fees/taxes | __N/A__ |
| c. License fees/taxes | __2120.04__ |
| d. Sales/use taxes (including tax on capitalized cost reduction) | __2901.99__ |
| e. Excise taxes | __N/A__ |
| f. Property taxes | __N/A__ |

---

**15. LATE CHARGE.** If you do not pay a monthly payment in full within 30 days after it is due, you will pay a late charge of $4.

**16. CHARGE FOR FINES.** If the government places a fine on the vehicle and you do not pay it promptly, we may pay it. Each time we pay, you will pay us the fine plus $20.

**17. SCHEDULED LEASE END DATE.** This lease is scheduled to end __11/23/2009__
(month)   (day)   (year)
You are scheduled to return the vehicle on this date.

**18. LEASE END DAILY EXTENSION CHARGE.** $ __66.00__ per day (plus tax), beginning on the eighth day after scheduled lease end date.

**19. REQUIRED VEHICLE INSURANCE INFORMATION.** You affirm that liability and physical damage policies that meet our requirements (see the other side) are in force on the date of this lease as follows:

Insurance company name: _____
Insurance agency name: _____
Agency Address: _____
Agency Phone no.: _____
Agent's name: _____
Policy no.: _____
Deductibles: Collision $ __500__   ☒ Physical damage
Comprehensive $ __500__

**20. OPTIONAL LIFE AND DISABILITY INSURANCE. We do not require life or disability insurance.** If you sign below, we will try to get the coverage(s) checked for the lease term. We will include the premium in your lease monthly payment. A notice your receive when you sign this lease describes the coverage(s). The insurance may not cover taxes and other amounts due besides the lease monthly payment.

Insurer name: _____
Address: _____

| | | |
|---|---|---|
| Deductibles: Collision $ __N/A__ | ☐ Physical damage | |
| Comprehensive $ __N/A__ | | |
| | | |
| ☐ Life insurance ☐ Lessee ☐ Co-Lessee ☐ Both | Premium $ __N/A__ | Coverage limit __N/A__ |
| ☐ Disability insurance (Lessee only) | Premium $ __N/A__ | Monthly coverage limit $ __N/A__ |

| | |
|---|---|
| + $ | __37025.04__ |
| + | __32556.96__ |
| = $ | __904.36__ |
| = $ | __904.36__ |
| + | __70.09__ |
| = $ | __974.45__ |

h. Other (describe): ___ CA TIRE FEE ___ $ ___ 8.75
i. Other (describe): ___ DMV E.F.F. ___ $ ___ 28.00

**14. MILEAGE.**
Base Mileage Allowance: **Ultra Low Mileage:10,000 miles/year.**
☐ 15,000 miles/year. ☐ Low mileage: 12,000 miles/year
☐ Medium-duty truck (gasoline): 25,000 miles/year
☐ Medium-duty truck (diesel): 35,000 miles/year

**Extra Miles.** You are buying ___ N/A extra miles at $ ___ N/A per mile. If this lease ends on or after the last scheduled payment is due, we will credit you with $ ___ N/A per mile for each unused extra mile. **There will be no credit if the lease ends early, you buy the vehicle, or the vehicle is a total loss.**

Total Allowed Mileage on the Odometer at Lease End is ___ 30,034 miles.

Starting odometer mileage ___ 10
Base mileage allowance + 30,024
Purchased extra miles + N/A
= N/A miles

**Excess Mileage Charge.** The excess mileage charge is $ ___ 0.25 mile for each mile beyond the total allowed miles, plus tax. If the lease ends early and the vehicle is not a total loss, any excess mileage and wear charge will not be more than residual value minus the vehicle sale price. There is no excess mileage charge if you buy the vehicle.

NONE

**THIS IS THE ENTIRE AGREEMENT.** This lease, including the front and back of this form, contains the entire agreement between you and us relating to this lease of the vehicle. Any change to the terms of this lease must be in writing and signed by you and us. No oral changes are binding. We may delay or refrain from enforcing any of our rights under this lease without losing them.

(1) Do not sign this lease before you read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this lease; (3) Warning - Unless a charge is included in this lease for public liability or property damage insurance, payment for that coverage is not provided by this lease.

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this lease simply because you change your mind, decided the vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this lease only with the agreement of the lessor or for legal cause, such as fraud.

**YOU SIGNED AND RECEIVED A COMPLETELY FILLED-IN COPY OF THIS AGREEMENT AT** ___ TUSTIN ___ , ___ CA (city) (state)

ON ___ 11 ___ 24 ___ 2006
(month) (day) (year)

**SEE OTHER SIDE FOR OTHER IMPORTANT AGREEMENTS INCLUDING A PROHIBITION OF TRANSFER OF YOUR INTEREST.**

671 MONTHLY CA 1/2002 (3) (For use in the state of California)
Copyright 2001 General Motors Acceptance Corporation. All Rights Reserved.

c. Adjusted capitalized cost. The amount used in calculating your base monthly payment = $ ___ 61997.18
d. Residual value. The value of the vehicle at the end of the lease used in calculating your base monthly payment = $ ___ 39226.05

Lease Agreement 9
QUADRUPLICATE ORIGINAL LESSEE

LESSOR: ___ TUSTIN CARS, INC.
LESSOR: x ___ (signature)
LESSEE: ___ TUSTIN CARS, INC.
LESSEE: x ___ (signature)

SIGNATURE AND TITLE
BY x ___ TITLE ___ MGR

CO-LESSEE'S SIGNATURE AND SPEC. POWER OF ATTORNEY: x ___ Age ___

**CO-LESSEE'S/CO-SIGNER'S SIGNATURE**

**WARRANTY AND INSPECTION OF WARRANTY.** You have the benefit of any warranty checked below.
☐ Standard manufacturer's warranty
☐ Extended manufacturer's warranty
☐ The following applies only if this lease is not primarily for personal, family, or household purposes: **WE MAKE NO IMPLIED WARRANTY OF MERCHANTABILITY. THERE IS NO WARRANTY THAT THE VEHICLE IS FIT FOR A PARTICULAR PURPOSE.**

Warranty papers that are separate from this lease state any coverage limits.
The law gives you a warranty that the vehicle conforms to the description in this lease.
**THERE ARE NO OTHER EXPRESS WARRANTIES ON THE VEHICLE.**

**22. OPTIONAL SERVICE AND MAINTENANCE CONTRACTS.**
Name ___ N/A ___ Term ___ N/A months, ___ N/A miles
Name ___ N/A ___ Term ___ N/A months, ___ N/A miles
Name ___ SMARTLEASE PROTECT AG ___ Term ___ N/A months, ___ N/A miles
If you are buying a service or maintenance contract now, you may pay for it at lease signing. If you do not, the price will be in the capitalized cost and you will pay rent charges on the price.

Lessor assigns all right, title, and interest in this lease to the party identified in this lease as the intended assignee, under the terms of the Lease Plan Agreement in effect from time to time with the assignee (the "Dealer Agreement"). Lessor also assigns all right, title, and interest in the leased vehicle to the party identified in this lease as the intended assignee, or its designee, under the terms of the Dealer Agreement.

LESSEE: x ___ (signature)
CO-LESSEE: x ___ (signature)
CO-LESSEE: x ___ (signature)