# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| ROBERT A. SCHREIBER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff(s),<br><br>v.<br><br>ALLY FINANCIAL INC., *et al.*,<br><br>        Defendant. | Civil Action No. 1:14-cv-22069 |

## FINAL ORDER APPROVING CLASS SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

**WHEREAS**, the Court, having considered the Settlement Agreement filed June 15, 2018 (the "Settlement Agreement") between and among Class Representative Robert A. Schreiber, through Class Counsel, and Defendant Ally Financial, Inc., the Court's June 18, 2018 Order Preliminarily Approving Class Settlement and Certifying Settlement Class (ECF No. 90) (the "Preliminary Approval Order"), having held a Final Approval Hearing on October 11, 2018, and having considered all of the submissions and arguments with respect to the Settlement Agreement, and otherwise being fully informed, and good cause appearing therefor (all capitalized terms as defined in the Settlement Agreement);

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Final Order Approving Class Action Settlement incorporates the Settlement Agreement and its exhibits, and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Final Judgment.

2. The Court has personal jurisdiction over all parties in the Action, including all Class Members, and has subject matter jurisdiction over the Action, including jurisdiction to approve the Settlement Agreement, grant final certification of the Class, to settle and release all

claims released in the Settlement Agreement, and to dismiss the economic loss claims asserted against Ally in the Action with prejudice and enter final judgment with respect to Ally in the Action. Further, venue is proper in this Court.

## I.     The Settlement Class

3.     Based on the record before the Court, including all submissions in support of the Settlement set forth in the Settlement Agreement, objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby confirms the certification of the following nationwide Class (the "Class") for settlement purposes only:

> all persons nationwide who leased a motor vehicle pursuant to a SmartLease Agreement that was assigned to Ally Financial Inc. (or a predecessor in interest or affiliated company, including General Motors Acceptance Corporation, GMAC LLC, GMAC Inc., GMAC Automotive Bank, Ally Bank, Ally Bank Lease Trust or Ally Financial Lease Trust), and who subsequently purchased the leased vehicle between June 4, 2009 and the Preliminary Approval Date pursuant to the purchase option provision in the SmartLease Agreement and were required to pay a Documentary or Dealer Fee not disclosed in the SmartLease Agreement when purchasing the vehicle.

4.     The Court finds that only those persons/entities/organizations listed on Appendix A to this Final Order Approving Class Action Settlement have timely and properly excluded themselves from the Class and, therefore, are not bound by this Final Order Approving Class Action Settlement or the accompanying Final Judgment.

5.     The Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon the occurrence of the Effective Date, that the Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3):

   a.     *Numerosity*. The Class, which is ascertainable, consists of tens of thousands of persons located throughout the United States and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1). Joinder of these widely dispersed, numerous Class

Members into one suit would be impracticable.

        b. *Commonality*. There are some questions of law or fact common to the Class with regard to the allegations against Ally in this case. These issues are sufficient to establish commonality under Fed. R. Civ. P. 23(a)(2).

        c. *Typicality*. The claims of the Class Representative are typical of the claims of the Class Members he seeks to represent for purposes of settlement.

        d. *Adequate Representation*. The Class Representative's interests do not conflict with those of absent members of the Class, and the Class Representative's interests are co-extensive with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel. Plaintiff and his counsel have prosecuted this action vigorously on behalf of the Class. The Court finds that the requirement of adequate representation of the Class has been fully met under Fed. R. Civ. P. 23(a)(4).

        e. *Predominance of Common Issues*. For settlement purposes, the questions of law or fact common to the Class Members predominate over any questions affecting any individual Class Member.

        f. *Superiority of the Class Action Mechanism*. The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives. Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

6. The designated Class Representative is Robert A. Schreiber. The Court finds that the Class Representative has adequately represented the Class for purposes of entering into and implementing the Settlement Agreement. The Court appoints Podhurst Orseck, P.A. and Baron

& Budd, P.C. as Class Counsel.

7.  In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

## II. Notice to Class Members and Qualified Settlement Fund

8.  The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

9.  The Court further finds that Ally, through the Claims Administrator, provided notice of the settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. §1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety-day time period to comment or object to the Settlement Agreement before entering its Final Order and Final Judgment.

10. The Court finds that the Qualified Settlement Fund ("QSF") is to be a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The QSF is to be established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The QSF is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the QSF are to be segregated from other assets of Defendants, the transferor of the payment to the Settlement Fund and controlled by an escrow agreement.

11. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Ally may elect to treat the QSF as coming into existence as a "qualified settlement fund" on the latter of the date the QSF meets the requirements of Paragraphs 10(b) and 10(c) of this Order or January 1 of the calendar year in which all of the requirements of Paragraph 11 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the QSF on that date.

### III. Final Approval of Settlement Agreement

12. The Court finds that the Settlement Agreement resulted from extensive arm's-length, good-faith negotiations between Class Counsel and Ally, through experienced counsel.

13. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement, and all other parts of the settlement are, in all respects, fair, reasonable, and adequate, and in the

best interest of the Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law.  The Court hereby declares that the Settlement Agreement is binding on all Class Members, except those identified on Appendix A, and it is to be preclusive in the Action.

14. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things:  (a) there is no fraud or collusion underlying the Settlement Agreement; (b) the complexity, expense, uncertainty and likely duration of litigation in the Action favor settlement on behalf of the Class; (c) the Settlement Agreement provides meaningful benefits to the Class; and (d) any and all other applicable factors that favor final approval.

15. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.  In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as: (i) shall be consistent in all material respects with this Final Order Approving Class Action Settlement: and (ii) do not limit the rights of the Class.

16. The Court has considered all objections, timely and proper or otherwise, to the Settlement Agreement and denies and overrules them as without merit.

**IV.    Class Counsel's Fee Application and Incentive Award to Class Representative**

17. Class Counsel has applied for a service award in the amount of $5,000 for the Class Representative.  Here, the Class Representative clearly devoted considerable time and resources to this Action.  Specifically, the Class Representative maintained regular contact with Class Counsel, responded to written discovery requests, and appeared for deposition.  As such,

the Court approves the application for a service award in the amount of $5,000 for the Class Representative, to be paid in accordance with the terms of the Settlement Agreement. Accordingly, Class Counsel's application for a service award in the amount of $5,000 for the Class Representative is **Granted**.

18. Class Counsel has filed an application for attorneys' fees of $2.95 million, which is equal to approximately fifteen percent (15%) of the $19,717,222 common fund created through their efforts in prosecuting and settling this Action.

19. As recognized by the United States Supreme Court, the law is well established that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). And as the Eleventh Circuit made clear in *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir.1991), the law is equally well established in this jurisdiction that "[a]ttorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I*, 946 F.2d at 771.

20. Per *Camden I*, the nonexclusive list of factors the Court should consider in determining the reasonableness of the attorneys' fees are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 772 n. 3.

21. In support of their request for attorneys' fees equal to 30% of the common fund, Class Counsel has presented the Declaration of Matthew P. Weinshall, Esq. of Podhurst Orseck, P.A., Class Counsel in this litigation. The Declaration analyzes each of the factors set forth in *Camden I* and states that each of the applicable factors supports the reasonableness of the instant fee request. The Court agrees. The Court has independently has analyzed the *Camden I* factors against the unique facts of this case and concludes that each and every applicable one of them supports the reasonableness of the instant fee request.

22. Accordingly, Class Counsel's application for attorneys' fees of $2.95 million, to be paid in accordance with the terms of the Settlement Agreement, is **Granted.**

## V.   Dismissal of Claims and Release

23. All claims asserted against Ally in the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

24. Upon entry of this Final Order Approving Class Action Settlement and the Final Judgment, Plaintiff and each Settlement Class Member (except those listed on Appendix A), and his or her assigns, heirs, successors and personal representatives shall hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims that exist in their favor through the date of this Settlement Agreement. The Plaintiff and Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, asserting the Released Claims.

25. "Released Claims" means all claims asserted against Ally in the Action and any related claims which could be asserted against Ally arising from Documentary or Dealer Fees charged to Class Members in connection with a Class Member's exercise of the purchase option set forth in his or her SmartLease Agreement during the Class Period (including, but not limited to, claims for breach of contract or violations of the Consumer Lease Act or its implementing regulations), based upon the allegations set forth in the Complaint.

26. "Released Parties" means Ally, and each and all of its respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of its respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives. Released Parties does not mean any dealership that allegedly improperly charged a Documentary or Dealer Fee in connection with a lease-end purchase.

27. If a Class Member who does not opt out commences, files, initiates, or institutes any new legal action or other proceeding against a Released Party for any claim released in this Settlement in any federal or state court, arbitral tribunal, or administrative or other forum, such legal action or proceeding shall be dismissed with prejudice at that Class Member's cost.

28. Each Settlement Class Member that receives a Settlement Payment assigns to Ally any and all claims the Settlement Class Member has or may have against the dealership that charged the allegedly impermissible Documentary or Dealer Fee arising from or related to that Fee up to the amount of the Settlement Payment that the Settlement Class Member receives. Ally reserves the right to pursue those claims and/or seek indemnification from such dealerships.

In the event Ally pursues a Settlement Class Member's claims against a dealership, Ally further agrees to indemnify Settlement Class Members from any claims, counterclaims, or third party claims asserted by the dealership against a Settlement Class Member in that action to the extent the dealership's claims, counterclaims or third party claims arise from or relate to the allegedly impermissible documentary or dealer fee.

29. Except for those listed on Appendix A, Plaintiff, Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, bringing, joining, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims. Pursuant to 28 U.S.C. §§1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the settlement as set forth in the Settlement Agreement, and the Action.

## VI. Other Provisions

30. Without affecting the finality of this Final Order Approving Class Action Settlement or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order Approving Class Action Settlement and the accompanying Final Judgment, to protect and effectuate this Final Order Approving Class Action Settlement and the accompanying Final Judgment, and for any other necessary purpose. The Parties, the Class Representatives, and each Class Member not listed on Appendix A are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of

or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

31. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order Approving Class Action Settlement and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

32. Nothing in this Final Order Approving Class Action Settlement or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

33. Filed concurrently herewith is the Court's Final Judgment. Attached hereto as Appendix A is a list of persons, entities, and organizations who have excluded themselves from (or "opted out" of) the Class.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of October, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE